# DALLAS TERM, 1898.

### JOHN ESTES v. THE STATE.

#### No. 1340. Decided January 12, 1898.

**1. Jurisdiction—Entry of Judgment Nunc pro Tunc.**

Where motion for new trial has been overruled and notice of appeal given in the lower court, but no entry of final judgment is made, Held, that the appeal having been perfected, the lower court lost all further jurisdiction, and a judgment subsequently entered nunc pro tunc in said court was without authority, and void.

**2. Final Judgment—Practice on Appeal.**

Unless the record on appeal shows a valid final judgment entered in the court below before appeal is perfected, the appeal will be dismissed.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. WOOD, County Judge.

Appeal from a conviction for false imprisonment; penalty, a fine of $1. No statement required.

[No briefs on file for either party.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of false imprisonment, at the September term, 1896, of the County Court of Grayson County, Texas. He filed a motion for a new trial, which was overruled, and gave notice of appeal. The judgment was not entered at that term of the court, but was entered nunc pro tunc at the March term, 1897; and the bill of exceptions recites that said entry was made without notice to the defendant. Under this state of case, the court below had lost its authority to enter the judgment at the March term, 1897. When the September term, 1896, closed, the notice of appeal having been given, jurisdiction had attached in this court. The judgment was not a lost or destroyed part of the record, and therefore could not be entered pending the appeal, that court having lost jurisdiction. See Lewis v. State, 34 Texas Crim.

Rep., 126; Quarles v. State, 37 Texas Crim. Rep., 362. The record is therefore before us without a judgment entered upon the verdict of the jury in the court below. This being the case, the appeal is dismissed.

*Dismissed.*