### FRANK QUARLES v. THE STATE.

#### No. 1751. Decided March 27, 1899.

**Recognizance on Appeal—Entry Nunc pro Tunc.**

Under article 884, Code of Criminal Procedure, an appeal suspends all further proceedings in the lower court after adjournment of the term and pending the appeal, except as to the substitution of lost papers. Held, a recognizance for appeal can not be entered nunc pro tunc at a subsequent term of court even though the sureties in the recognizance have been notified and made parties to the proceeding to amend the record by the nunc pro tunc entry.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

Appeal from a conviction for gaming in a house under defendant's control; penalty, a fine of $25.

This is a second attempt to appeal this case. See Quarles v. State, 37 Texas Criminal Reports, 362.

No statement necessary.

*Parks & Carden,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted in the court below of a misdemeanor, and prosecutes this appeal.

The case came before this court at the Dallas term, 1897, and was dismissed, on the motion of the Assistant Attorney-General, because no sufficient recognizance was given at the term of court at which the judgment of conviction was rendered. After notice of appeal to this court was entered, and at a subsequent term, a recognizance was entered nunc pro tunc in said cause, and was brought into this court as a part of the record, and appellant claimed that the same gave this court jurisdiction of the case; but the court refused to take said view, and dismissed the case. We entered into a lengthy discussion of the question involved, to wit, the right of the court below to enter a judgment nunc pro tunc at a subsequent term of the court in order to perfect the appeal and clothe this court with jurisdiction. We construed article 884, Code of Criminal

40th Crim. Reps.—23

Procedure, and held that said article contained the only exception with reference to perfecting a record after the term had elapsed at which an appeal was taken; that said article only authorized the substitution of lost papers, and the effect of said article was to negative any further proceedings in the court below with reference to the record after the term at which the notice of appeal was given. It is not necessary here to reiterate what we said with reference to the construction of said article, but we refer to the opinion in said cause. See Quarles v. State, 37 Texas Crim. Rep., 362. We said, however, in that connection, in speaking of the nunc pro tunc recognizance entered into, that it did not appear that the sureties to said recognizance had been notified, or that they were made parties in any way in perfecting said nunc pro tunc entry. It appears that appellant entertained the view, from what was said in that opinion, that, if the sureties were made proper parties to the entry nunc pro tunc of the recognizance, this court would consider the recognizance as a valid and legal recognizance, sufficient to give this court jurisdiction; and he has since accordingly made said sureties parties, and amended the proceedings in the court below by entering a nunc pro tunc recognizance in the case, and has again brought the record before this court. But we apprehend that a careful reading of that opinion would not authorize such construction. This is not like the case of Morris v. State, 30 Texas Criminal Appeals, 96, in which the judgment was entered up at a subsequent term, and an appeal prosecuted from the judgment. We held in that case that the subsequent entry of the judgment nunc pro tunc in the trial court authorized an appeal. When said case was first dismissed, there was no final judgment; and it has been the universal practice in this State, so far as we are aware, not to entertain appeals in cases where judgments have not been rendered upon the verdict. And it is further the correct practice in such cases, after the appeal is dismissed, and judgment is subsequently properly entered in the court below, to entertain the appeal from said judgment. In this case there was a final judgment, and notice of appeal given therefrom, but an attempt was made to give this court jurisdiction by the entry of a recognizance nunc pro tunc at a subsequent term of the court. We now hold, as we did when the case was formerly before us, that it was not competent for the lower court at a subsequent term to amend the record by a nunc pro tunc entry of the recognizance so as to clothe this court with jurisdiction. See Dement v. State, 39 Texas Crim. Rep., 271. The appeal is accordingly dismissed.

*Dismissed.*

DAVIDSON, Presiding Judge, absent.

[NOTE.—Appellant's motion for rehearing was overruled April 26, 1899, without written opinion.—Reporter.]