RANDOLPH JOHNSTON v. STATE.

No. 29,690. April 2, 1958.

Appellant represented himself.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Randolph Wayne Johnston is confined in the penitentiary under sentences from Tarrant and Hood Counties. His attack upon the validity of the Hood County sentences by habeas corpus has not been passed upon because he is legally confined in the penitentiary under a valid twelve year sentence in Cause No. 53,870 in Criminal District Court No. 2 of Tarrant County.

Nunc pro tunc procedings were brought in Hood County in each of said causes for the purpose of correcting the recitations of the judgments in Causes Nos. 2975, 2977 and 2978, and after hearing order was entered granting the state's motion to correct each of said judgments so as to show that the punishment was assessed upon a plea of guilty before the court in each case at twelve years in the penitentiary, the judgments previously entered erroneously reciting that the punishment in each case was assessed at "not less than two years nor more than twelve years."

To the entry of the judgments nunc pro tunc, notice of appeal was given to this court which will be jointly disposed of with appellant's renewed application for habeas corpus.

Appellant was represented by counsel when tried, but was without counsel at the hearing on the state's motion to correct the judgments. He sought delay until he could produce witnesses on the question of whether the judgments actually rendered at the trials assessed a definite punishment of twelve years or an an indefinite term of not less than two years nor more than twelve years.

Certified copies of the criminal docket sheets and affidavits have been filed in this court indicating that the court assessed the punishment at an indefinite term of not less than two years nor more than twelve years.

Under the circumstances shown by the record the nunc pro tunc judgments from the entry of which appellant has appealed are set aside, without prejudice to the right of the state to again present its motions and of the trial court to hear, consider and determine same, appellant and his counsel having opportunity to be present and offer testimony on the question of the punishment actually assessed at the trials.

Appellant being under valid sentence from Tarrant County, the relief prayed for by habeas corpus is otherwise denied.