**Milton KAZMIR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41263.**

Court of Criminal Appeals of Texas.

May 15, 1968.

On Motion to Reinstate March 19, 1969.

M. Gabriel Nahas, Jr., Houston, M. S. Munson, Jr., Wharton, King C. Haynie, Houston (On Appeal Only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

 This is an appeal from an order of the 21st District Court revoking probation. The judgment of the original conviction is not before this Court as required by Article 40.09, Sec. 1, Vernon's Ann.C.C.P.

The appeal is dismissed.

## OPINION

## ON MOTION TO REINSTATE THE APPEAL

WOODLEY, Presiding Judge.

At a prior term of this court the appeal from an order revoking probation in the above styled and numbered cause was dismissed (per curiam) for want of a judgment in the murder case in which the probation was granted.

Supplemental transcripts have been forwarded to this court which reflect that subsequent to the issuance of our mandate the state filed motion for entry of said judgment nunc pro tunc and, after hearing, the trial court granted such motion and ordered the judgment which had been rendered on the 22nd day of May, 1967, but which had not been entered upon the minutes of the court, entered nunc pro tunc as of May 22, 1967.

 Prior to the receipt of the second supplemental transcript, which reflects notice of appeal from the entry of the judgment nunc pro tunc, the case was set for submission as on motion to reinstate the appeal. The notice of appeal given on February 28, 1969, and the record before us brings forward all matters raised in the original appeal as well as the nunc pro tunc order entering judgment in this cause. Art. 42.06 V.A.C.C.P.; Ray v. State, 154 Tex.

Cr.R. 362, 227 S.W.2d 216; Rehm v. State, 131 Tex.Cr.R. 268, 97 S.W.2d 956; Martin v. State, 154 Tex.Cr.R. 306, 236 S.W.2d 819; 16 Tex.Jur.2d, Sec. 367.

 We note, however, that the time allowed for filing a transcript of the notes of the reporter and for the completion of the record has not expired; the record has not been approved and filed with the clerk of the trial court, and the 30 days allowed the defendant to file his brief in the trial court has not expired.

Appellant has not sought to have the appeal which was dismissed re-instated. The state is without authority to do so.

The appeal under the notice given February 28, 1969, is dismissed without prejudice to the rights of the appellant to proceed in the trial court under the provisions of Art 40.09 V.A.C.C.P. with such appeal.

It is so ordered.

DOUGLAS, J., not participating.