

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0767-10

**DONALD GENE BLANTON, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## KAUFMAN COUNTY

MEYERS, J., delivered the opinion of the Court in which PRICE, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a dissenting opinion. WOMACK and JOHNSON, JJ., concurred.

## O P I N I O N

Appellant appealed the *nunc pro tunc* judgment of the Kaufman County District Court. The Fifth Court of Appeals dismissed the case for want of jurisdiction after concluding that Appellant failed to file a timely notice of appeal. *Blanton v. State*, No. 05-09-00758-CR, 2010 Tex. App. LEXIS 1135, at *6-7 (Tex. App.—Dallas Feb. 18, 2010, pet. granted) (mem. op., not designated for publication). We granted Appellant's petition

for discretionary review to determine if the court of appeals correctly dismissed the case.

We hold that Appellant timely appealed the *nunc pro tunc* judgment, and accordingly, we

remand the case to the court of appeals to consider the merits of Appellant's appeal.

## I.  BACKGROUND

### A.  Trial Court History

This appeal is based upon a *nunc pro tunc* judgment in cause no. 15,189 for

burglary of a habitation.[1] Prior to that charge, in April 1987, Appellant was indicted for

burglary of a building in cause no. 15,184. He entered a negotiated plea of guilty and was

placed on deferred-adjudication community supervision for five years. A few months

later, he violated the terms of his community supervision by entering a habitation with the

intent to commit theft. In July 1987, Appellant entered a plea of true at a probation-

revocation hearing for the earlier offense, cause no. 15,184, and also entered a negotiated

plea in cause no. 15,189, which is the subject of this case. He was sentenced to seven

years' confinement and ordered to pay restitution for each offense.

---

[1] TEX. PENAL CODE § 30.02:

> (c) Except as provided in Subsection (d), an offense under this section is a:
>     (1) state jail felony if committed in a building other than a habitation; or
>     (2) felony of the second degree if committed in a habitation.
>
> (d) An offense under this section is a felony of the first degree if:
>     (1) the premises are a habitation; and
>     (2) any party to the offense entered the habitation with intent to commit a
>     felony other than felony theft or committed or attempted to commit a
>     felony other than felony theft.

In August 1988, the trial court realized that the final written judgment for cause no. 15,189 did not include the restitution payment that had been orally ordered in open court. The court entered the first of three *nunc pro tunc* judgments, adding the amount of restitution that Appellant had been orally ordered to pay by the trial court.

In March 2009, Appellant filed a motion for judgment *nunc pro tunc* in cause no. 15,189, alleging that the first *nunc pro tunc* judgment incorrectly entered a conviction for burglary of a habitation, rather than for burglary of a building–which is a less serious offense.

As exhibits for his motion, Appellant attached the judgment and order adjudicating him guilty in cause no. 15,184. However, the tops of the documents showing the cause number were cut off. He also attached copies of his plea agreement and the first *nunc pro tunc* judgment from cause no. 15,189. He alleged that he had been convicted of only one burglary charge, burglary of a building, and that all of the exhibits concerned that charge.

In response to Appellant's motion, the trial court entered a second *nunc pro tunc* judgment in cause no. 15,189, which superseded the first. It changed the offense and the degree of the conviction and modified the date of the offense from July 13, 1987, to April 26, 1987, which was the date that the first offense, cause no. 15,184, occurred.

The State did not appeal the second *nunc pro tunc* judgment, but the court discovered the issues with Appellant's exhibits and entered the third *nunc pro tunc* judgment in cause no. 15,189, which is the basis for Appellant's appeal in this case. The

third *nunc pro tunc* judgment was entered on June 12, 2009, without a hearing, but Appellant was notified of the order via an explanatory letter from the district clerk.

The third *nunc pro tunc* judgment was entered in cause no. 15,189 to correct the offense from burglary of a building to burglary of a habitation and to change the degree of the offense to a first-degree felony. The order tracked the first *nunc pro tunc* judgment from cause no. 15,189, but included the date of the offense as April 26, 1987, which is the date of the burglary of a building in cause no. 15,184, rather than July 16, 1987, which is the date the burglary of a habitation occurred. Cause no. 15,189 is the case at issue here.

## B.  *Appellate History*

Appellant appealed the trial court's third *nunc pro tunc* judgment on June 23, 2009. The trial court filed a certification with the Fifth Court of Appeals, showing that Appellant had no right to appeal because his conviction arose from a plea bargain.

The Fifth Court of Appeals dismissed Appellant's appeal, holding that he failed to timely file a notice of appeal. *Blanton*, 2010 Tex. App. LEXIS 1135, at *4, *6. The court determined that Appellant's appeal was due on or before August 23, 1987, which is thirty days after his sentence was imposed in cause no. 15,189. *Id.*

Appellant filed a petition for discretionary review, asking us to determine whether the court of appeals correctly ruled that Rule 23.1[2] "does not grant any additional

---

[2] Rule of Appellate Procedure 23.1 states:

> Unless the trial court has granted a new trial or arrested the judgment, or unless the defendant has appealed, a failure to render judgment and pronounce sentence

jurisdiction for this Court to review the June 12, 2009, nunc pro tunc proceeding."

## II.  *NUNC PRO TUNC* JUDGMENTS

The purpose of a *nunc pro tunc* judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007); *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980); *see* TEX. R. APP. P. 23.1. The corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. *Jones v. State*, 795 S.W.2d 199, 200 (Tex. Crim. App. 1990).

Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). The determination of whether an error is clerical or judicial is a matter of law, *id.*, but a *nunc pro tunc* judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order. *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986). Furthermore, *nunc pro tunc* judgments may not be used by a court to change the record to reflect what the court believes should have occurred in the original proceeding. *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986).

## III.  RULES OF APPELLATE PROCEDURE

---

may be corrected at any time by the court's doing so.

This Court was granted rule-making authority to promulgate "rules of posttrial, appellate, and review procedure in criminal cases," but the rules "may not abridge, enlarge, or modify the substantive rights of a litigant." TEX. GOV'T CODE § 22.108(a). The Texas Rules of Appellate Procedure were originally adopted in 1986.[3] The current Rules of Appellate Procedure were promulgated in 1997 in order to improve the efficiency and practice of appellate law.[4] Rule 23.1 is the current rule regarding *nunc pro tunc* judgments.[5]

### *Impact of § 22.108(a)*

This Court analyzed the effect of TEX. GOV'T CODE § 22.108(a) on the appeal of the voluntariness of a plea bargain in *Cooper v. State*, 45 S.W.3d 77 (Tex. Crim. App. 2001). A 1977 statute, enacted by the Legislature before this Court was granted rule-making authority, provided that a plea-bargain defendant did not have the right to appeal unless certain conditions were met. TEX. CODE CRIM. PROC. art. 44.02, *repealed in part by* Act of June 14, 1985, 69th Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen. Laws 2472.[6]

---

[3] Nathan L. Hecht & E. Lee Parsley, *Procedural Reform: Whence and Whither*, in MATTHEW BENDER C.L.E., PRACTICING LAW UNDER THE NEW RULES OF APPELLATE PROCEDURE 1-12 at § 1.02(b) & (c) (Nov. 1997), *available at* http://www.supreme.courts.state.tx.us/rules/tdr/history.htm.

[4] *Id.* at § 1.02(c).

[5] Unless otherwise indicated, all references to Rules refer to the Texas Rules of Appellate Procedure.

[6] Former article 44.02 of the Code of Criminal Procedure read, in pertinent part:

A defendant in any criminal action has the right of appeal under the rules

In 1986, Rule of Appellate Procedure 40(b)(1) was adopted, limiting appeals only to a "defect or error that occurred prior to the entry of the plea." TEX. R. APP. P. 40(b)(1) (1986) (repealed 1997). The rule was changed again in 1997, limiting appeals in plea-bargain cases and returning to language similar to the 1977 "statute that was its origin." *Cooper*, 45 S.W.3d at 79. We determined that the statute enacted by the Legislature prohibited appeals of the voluntariness of a guilty plea in felony cases. *Id.* at 81. Thus, our rule-making authority did "not extend to enlarging the right of appeal in this fashion." *Id.*

The decision distinguished our holding in *Flowers v. State*, 935 S.W.2d 131 (Tex. Crim. App. 1996), which was decided under former Rule of Appellate Procedure 40(b)(1).[7] The *Flowers* Court viewed the history of the appellate right to raise the voluntariness of a guilty plea and held that "neither *Rule 40(b)(1)* nor this Court's interpretation of that rule may modify, enlarge, or abridge that right." *Id.* at 134 (citing

---

hereinafter prescribed; provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

[7] "The holding of *Flowers* could be justified by the language of former *Rule 40(b)(1)*, which specifically limited only appeals of a 'defect or error that occurred prior to the entry of the plea.' Because the defect or error of an involuntary plea of guilty occurs at the entry of the plea, not before, the former rule did not seem to apply to an appeal of voluntariness. But, despite its language, the former rule had been construed to apply to an appeal of 'any matter in the case,' regardless of whether the matters were 'defects or errors that occur before or after the entry of the plea.'" *Cooper*, 45 S.W.3d at 79 n.3 (citing *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994)).

TEX. GOV'T CODE § 22.108(a)). In *Cooper*, this Court noted that "ironically," the holding in *Flowers* modified and enlarged the right to appeal because the 1977 statute prohibited appeals of this sort. *Cooper*, 45 S.W.3d at 81.

Unlike the rule at issue in *Cooper*, a *nunc pro tunc* statute has never limited an appellant's right to appeal a *nunc pro tunc* judgment. For example, in *Ex parte Beard*, 41 Tex. 234, 236, 1874 LEXIS 135 (Tex. 1874), the Supreme Court of Texas noted that "the defendant appealed from the judgment *nunc pro tunc* so rendered," demonstrating an appellant's right to appeal under the statute in effect at the time. The *nunc pro tunc* statute, Code of Criminal Procedure art. 3151 (Pas. Dig.), provided:

> Where, from any cause whatever, a verdict of conviction has been returned, and there is a failure to enter judgment and pronounce sentence during the term, the judgment may be entered and sentence pronounced at the next succeeding term of the court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken.

The current version of the *nunc pro tunc* rule is quite similar: "Unless the trial court has granted a new trial or arrested the judgment, or unless the defendant has appealed, a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so." TEX. R. APP. P. 23.1.

## IV.  *NUNC PRO TUNC* JUDGMENT CASELAW

### A.  *Court of Criminal Appeals*

Prior to the adoption of the Rules of Appellate Procedure in 1986, it was apparent from our caselaw that appellants had a right to appeal *nunc pro tunc* judgments. For

example, in *Shaw v. State*, 539 S.W.2d 887 (Tex. Crim. App. 1976), we allowed the appellant to appeal a *nunc pro tunc* judgment entered by the trial court. Shaw entered a plea of guilty and executed a waiver of appeal after sentencing. *Id.* at 888. He was sentenced to one year in prison, but was out of custody on bond pending disposition of the appeal. *Id.* at 889. However, the record mistakenly showed that the appellant had been incarcerated continuously since sentencing. *Id.* at 890. After his appeal was denied, the trial court ordered that Shaw be incarcerated. *Id.* at 889. The Texas Department of Corrections refused to accept custody of the appellant because the record before it erroneously indicated that he had discharged his sentence. *Id.*

The trial court conducted a hearing and entered a *nunc pro tunc* judgment to correct the sentencing record with the actual amount of time credit earned by Shaw. *Id.* He appealed the *nunc pro tunc* judgment, and we held that the trial court did not abuse its discretion and had the right to correct the record "to reflect the truth even though the findings might not be beneficial to the person convicted." *Id.* at 890. We also stated that before any unfavorable *nunc pro tunc* judgments are entered against a defendant, the person convicted must be given the opportunity to be present for a hearing and represented by counsel to afford him due process of law. *Id.*

Similarly, in *Homan v. Hughes*, 708 S.W.2d 449 (Tex. Crim. App. 1986), we held that the trial court did not have the authority to refuse the applicant's request to appeal a *nunc pro tunc* judgment. *Id.* at 452. This Court determined that the applicant was

attempting to appeal a *nunc pro tunc* judgment, not the underlying conviction; thus, his appeal was not prohibited. *Id.* The applicant was not given the opportunity to be present at a hearing, as required by *Shaw*. *Id.* at 451. However, we determined that, despite this error, the trial court properly changed the order, making a hearing a "useless task." *Id.* at 454-55.

The continued validity of our pre-Rule 23.1 caselaw is shown in *Jones*, 795 S.W.2d at 203, a 1990 case, in which we held that the date of the conviction is the date of the original judgment, not the date a *nunc pro tunc* judgment is entered. The decision came after the adoption of the Rules of Appellate Procedure in 1986 (under former Rule 36(a)), but before the current revisions, which did not make substantive changes. TEX. R. APP. P. 23 (West 2012). We maintained that it was apparent from the sense of the language of the 1986 *nunc pro tunc* rule "that the rule was meant to be coextensive with former statutes on the same subject." *Jones*, 795 S.W.2d at 201. Accordingly, our body of caselaw construing the *nunc pro tunc* statutes should have "continued vitality" under the current version of the *nunc pro tunc* rule because the language of the rule did not change substantially. *See id.*

Although we have allowed appeals of *nunc pro tunc* judgments in the past, we have not directly addressed the availability of a defendant's appeal of a *nunc pro tunc* judgment since the 1986 adoption of the Rules of Appellate Procedure.[8]

---

[8] This Court recently held that the State may appeal a *nunc pro tunc* judgment through Code of Criminal Procedure Article 44.01. *Collins v. State*, 240 S.W.3d 925 (Tex. Crim. App.

**B. Courts of Appeals**

Courts of appeals have inconsistently applied the *nunc pro tunc* rule, which necessitates our review of this case. For example, the Third Court of Appeals relied on our body of caselaw prior to the adoption of the Rules of Appellate Procedure to support an appellant's right to appeal a *nunc pro tunc* judgment. *Ex parte Curry*, 712 S.W.2d 878 (Tex. App.—Austin 1986, no pet.). The appellant was convicted of voluntary manslaughter and sentenced to prison for five years. *Id.* at 879. She waived her right to appeal the conviction and surrendered herself to the Department of Corrections. *Id.* at 879. After her release on parole, the State filed a motion for entry of a *nunc pro tunc* judgment, alleging that the jury had affirmatively found that the appellant had used a deadly weapon during the commission of the manslaughter, which would make her ineligible for parole. *Id.* The trial court entered the *nunc pro tunc* judgment and ordered that the appellant return to custody. *Id.* She appealed the entry of the *nunc pro tunc* judgment and filed an application for a writ of habeas corpus to request that she be allowed to post bond. *Id.* at 879-80.

The Third Court of Appeals examined whether the appellant had a right to appeal the *nunc pro tunc* judgment. *Id.* at 880. Relying primarily on our reasoning in *Shaw v. State*, 539 S.W.2d 887, the *Curry* court determined that, although the appellant had waived her right to appeal the original conviction, this waiver did not affect her right to

2007).

appeal the *nunc pro tunc* judgment. *Curry*, 712 S.W.2d at 880-81. The court acknowledged that the legal effect of a *nunc pro tunc* judgment relates back to the date of the original conviction. *Id.* at 880 (citing *Alvarez v. State*, 605 S.W.2d 615). Nevertheless, the Third Court of Appeals held that, under *Shaw*, the appellant's right to appeal a *nunc pro tunc* judgment cannot be abridged by events, such as the waiver of appeal, that took place before the order was entered. *Id.*

Here, the Fifth Court of Appeals came to a different conclusion.

## V. APPLICATION

### A. *Court of Appeals's Holding*

On June 23, 2009, Appellant filed a notice of appeal of the third *nunc pro tunc* judgment, which was entered on June 12, 2009. The Fifth Court of Appeals ruled that it did not have jurisdiction because his notice of appeal was due on or before August 23, 1987, thirty days from the date that his sentence was imposed in open court on the burglary of a habitation case. *Blanton*, 2010 Tex. App. LEXIS 1135, at *6. The court of appeals rejected Appellant's argument that the court had jurisdiction over the appeal under Texas Rule of Appellate Procedure 23.1, because he was attempting to correct an error in the trial court's 1988 *nunc pro tunc* judgment. *Id.* at *4. The court of appeals did not address Appellant's contention that Rule 25.2,[9] which describes a defendant's right to

---

[9] Rule 25.2(a)(2) reads:

> A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of

appeal, did not apply to his appeal because he was challenging the validity of the *nunc pro tunc* judgment, rather than the underlying conviction. *Id.* at *5.

The Fifth Court of Appeals relied on *Rodarte*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993), which involved the time limits imposed by the former version of Rule 26.2(a)(1).[10] *Blanton*, 2010 Tex. App. LEXIS 1135, at *4-7. In *Rodarte*, the appellant filed his appeal thirty-one days after the judgment was imposed in open court, and thirty days after the judgment was signed. *Id.* at 108-09. We determined that the starting point for calculating the timeliness of an appeal of a conviction begins on the day that the sentence is imposed in open court. *Id.* at 109-10. The court of appeals determined that *Rodarte* provided the basis for dismissal for want of jurisdiction because Appellant's notice of appeal was filed more than twenty-one years after his sentence was imposed in open court.

---

the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case–that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or
(B) after getting the trial court's permission to appeal.

[10] TEX. R. APP. P. 41(b)(1):

*Time to perfect Appeal.* Appeal is perfected when notice of appeal is filed within thirty (fifteen by the State) days after the sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge; except, if a motion for new trial is filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court.

## B. *Appellate Jurisdiction*

Appellant argues that the court of appeals had "regular jurisdiction" to review his appeal under Article 44.02,[11] which addresses a defendant's right to appeal, because each *nunc pro tunc* judgment constitutes a separate, appealable order. The State counters that Rule 23.1, describing *nunc pro tunc* judgments, does not provide jurisdiction because our holding in *Abbott*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008), requires statutory authorization for direct appeal, and the plain words of Rule 23.1 do not include a right to appeal.

The standard to determine whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Id.* (citing TEX. CONST. art. V, § 6(a)). The Rules of Appellate Procedure do not determine the jurisdiction of the courts of appeals; rather, they provide procedures that litigants must follow in order to invoke the jurisdiction of the courts of appeals. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

---

[11] Code of Criminal Procedure Article 44.02 provides:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.

A timely notice of appeal is necessary to invoke appellate jurisdiction. *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). In criminal cases, a defendant's notice of appeal is timely if it is filed "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order." TEX. R. APP. P. 26.2(a)(1).

In *Abbott*, a new punishment hearing was ordered in the appellant's case after an appeal. *Id.* at 695. Abbott was placed on community supervision with the requirement that he first remain in custody for 180 days. *Id.* He filed a motion seeking time credit for the 180 days he served under his prior sentence. *Id.* The trial court denied his motion, and he appealed. *Id.* at 696. We determined that the court of appeals should have dismissed the appeal for lack of jurisdiction because the appeal was not authorized by law. *Id.* at 697. We cited Article 44.02 and Rule 25.2(a)(2) to note that an appellant has the right to appeal in every case in which the trial court enters a judgment of guilt or an appealable order. *Id.* However, we held that no constitutional or statutory provisions authorized an appeal of the trial court's post-judgment order denying the appellant's motion for time credit. *Id.*[12]

Decisions by this Court based on statutes have consistently recognized an

---

[12] The concurring opinion observed that had the appellant timely appealed the trial court's judgment that placed him on community supervision, he would have had a valid claim to challenge the requirement that he serve 180 days without receiving time credit for the days he already spent in jail. *Id.* at 697-98 (Holcomb, J., concurring). Instead, the appellant appealed the post-judgment order denying his motion, which was not authorized by law.

appellant's right to appeal a *nunc pro tunc* judgment, indicating that *nunc pro tunc* judgments are appealable orders. *See Homan v. Hughes*, 708 S.W.2d 449; *Shaw v. State*, 539 S.W.2d 887; *Moore v. State*, 446 S.W.2d 879 (Tex. Crim. App. 1969); *Ferguson v. State*, 367 S.W.2d 695 (Tex. Crim. App. 1963); *Johnston v. State*, 169 Tex. Crim. 79, 323 S.W.2d 449 (1959); *Cunningham v. State*, 167 Tex. Crim. 641, 322 S.W.2d 538 (1959); *Ex parte Beard*, 41 Tex. 234.[13] Furthermore, we continued to authorize jurisdiction for appeals of *nunc pro tunc* judgments after the first adoption of the Rules of Appellate Procedure. *See Jones v. State*, 795 S.W.2d 199.

The State argues that the lack of statutory authorization shows that *nunc pro tunc* judgments are not appealable. This conclusion would alter the rights of appellants, who had the right to appeal *nunc pro tunc* judgments before the adoption of the Rules of Appellate Procedure. The focus of the *nunc pro tunc* statutes has been on the power of the trial court to enter a *nunc pro tunc* judgment, not the power of an appellate court to review that judgment.[14]

The dissent disputes the right to appeal *nunc pro tunc* judgments based on a lack of statutory authorization. Presiding Judge Keller distinguishes the appealability of *nunc pro*

---

[13] *See* discussion *supra* Part IV.A.

[14] *See e.g.*, TEX. CODE CRIM. PROC. ANN. art. 42.06, which provided in part:

> "If there is a failure from any cause whatever to enter judgment and pronounce sentence, the judgment may be entered and sentence pronounced at any subsequent time, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken."

*tunc* judgments, focusing on cases in which the original judgment was invalid but corrected by a *nunc pro tunc* judgment. The dissent justifies the appeal of *nunc pro tunc* judgments in those situations, but dismisses the right to appeal *nunc pro tunc* judgments made to correct clerical errors, ignoring the recognized purpose of *nunc pro tunc* judgments. This distinction does not hold up given that there was no statutory authorization for the appeal of the *nunc pro tunc* judgment in the invalid judgment cases relied upon by the dissent, yet appeal was allowed in those instances. The dissent also contends that Appellant could file an application for writ of habeas corpus. Habeas corpus relief is an extraordinary remedy, and should be reserved for cases in which no other remedy is available. Here, there is a judicially-recognized legal remedy available–appeal.

The Texas Legislature did nothing to call our interpretation of the various *nunc pro tunc* statutes into question before the adoption of the Rules of Appellate Procedure, indicating its endorsement of appellate jurisdiction. As we stated in *Jones*, "It is apparent from the sense of this language that [the first version of the *nunc pro tunc* rule that was created by this Court] was meant to be coextensive with former statutes on the same subject." 795 S.W.2d at 201 (comparing the 1986 *nunc pro tunc* rule to the prior statute, article 42.06). Rule 23.1 does not expressly provide for the appeal of *nunc pro tunc* judgments, but our caselaw and Legislative acceptance has provided that right.[15] Because this Court is prohibited from modifying or abridging the substantive rights of litigants, we

---

[15] Notably, Rule 23.1 is located within Section Two of the Rules of Appellate Procedure, aptly entitled "Appeals From Trial Court Judgments and Orders."

may not hold that an appellant may no longer appeal *nunc pro tunc* judgments. Therefore, *nunc pro tunc* judgments are still appealable orders.

## C. Timeliness of Appeal

Rule 26.2 requires that a criminal defendant's notice of appeal be filed within thirty days after the day that sentence is imposed or suspended in open court, or "after the day the trial court enters an appealable order." TEX. R. APP. P. 26.2(a)(1). Although Appellant's original sentence was imposed in 1987, the third *nunc pro tunc* judgment was not ordered by the trial court until June 12, 2009. Because *nunc pro tunc* judgments are appealable orders, the thirty-day filing period started the following day. His appeal applies only to issues arising from the entry of the third *nunc pro tunc* judgment; it is not an appeal of the conviction or the validity of the plea bargain.

Appellant filed notice of appeal of the third *nunc pro tunc* judgment on June 23, 2009, which was within the thirty days allowed by Rule 26.2(a)(1). The Court of Appeals should not have dismissed Appellant's appeal based on the timeliness of his filing. We conclude that the Court of Appeals had jurisdiction to consider the merits of Appellant's appeal.

## D. Effect of Plea Bargain

The State contends that Appellant had no right to appeal because Appellant signed a plea bargain, and the trial court certified that Appellant had "NO right of appeal." Rule 25.2(a)(2)(A-B) provides that a defendant in a plea bargain case may appeal only "those

matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal." Furthermore, an appeal must be dismissed if the certification showing the defendant's right to appeal is not part of the record. TEX. R. APP. P. 25.2(d).

The court of appeals did not address Appellant's appeal rights under Rule 25.2 because it dismissed the appeal for untimely notice. *Blanton*, 2010 Tex. App. LEXIS 1135, *5. In his supplemental briefs to the court of appeals, Appellant contended that Rule 25.2 did not apply to his appeal because his claim contesting the *nunc pro tunc* judgment was unrelated to a claim regarding the propriety of his conviction. *Id.*

Because the court of appeals did not address the certification issue, we remand to the court of appeals to consider the merits of Appellant's right to appeal the June 12, 2009 *nunc pro tunc* judgment.

## VI. CONCLUSION

A *nunc pro tunc* judgment is an appealable order under Article 44.02 if the appeal is timely filed. Because Appellant filed his appeal within the time limits of Rule 26.2, the Fifth Court of Appeals has jurisdiction to consider the merits of Appellant's appeal. Therefore, we reverse the judgment of the court of appeals and remand to the court of appeals to consider the merits of Appellant's appeal.

Meyers, J.

Filed: June 27, 2012
Publish