

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0767-10

---

**DONALD GENE BLANTON, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS KAUFMAN COUNTY

---

**KELLER, P.J., filed a dissenting opinion.**

Where does a defendant's right to appeal a *nunc pro tunc* judgment come from? The Court never gives a good answer to that question because there is none.

After a defendant has been convicted and the direct-appeal process has been exhausted, an appellate court can act only in accordance with a directive from a higher court or pursuant to specific statutory authorization.[1] So what statute authorizes a defendant's appeal of a *nunc pro tunc* judgment? The Court points to Rule of Appellate Procedure 23.1:

---

[1] *Skinner v. State*, 305 S.W.3d 593, 593-94 (Tex. Crim. App. 2010).

> Unless the trial court has granted a new trial or arrested a judgment, or unless the defendant has appealed, a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so.[2]

The language of the rule does not purport to grant any right of appeal. Moreover, the rule is concerned with the failure to render judgment at all; it has nothing to do with correcting a clerical error in a written judgment.

The Court says that, because our current rules of appellate procedure may not abridge a substantive right, we must look to the statute that was in effect before the Rules of Appellate Procedure were adopted. That statute, Article 42.06, provided:

> If there is a failure from any cause whatever to enter judgment and pronounce sentence, the judgment may be entered and sentence pronounced at any subsequent time, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken. Any time served or punishment suffered from the time the judgment and sentence should have been entered and pronounced and until finally entered shall be credited upon the sentence finally pronounced.[3]

Nothing in the language of this provision purports to authorize an appeal from a *nunc pro tunc* judgment. And as with the rule, the statute appears to be concerned solely about the absence of a judgment, though here it is the failure to "enter" judgment rather than the failure to "render" judgment that is at issue.

Article 42.06 codified some long-standing rules regarding what to do when the trial court has failed to enter an appealable judgment. In the late nineteenth and early-to-mid twentieth centuries, a criminal conviction was appealable only if a judgment had been entered before the trial court lost

---

[2] TEX. R. APP. P. 23.1.

[3] *See* TEX. CODE CRIM. PROC. art. 42.06 (West 1985).

jurisdiction.[4] Early in that period, the trial court lost jurisdiction when two events occurred: (1) the defendant filed a notice of appeal, and (2) the court term in which the notice was filed expired.[5] A judgment could not be validly entered while appeal was pending.[6] If an appellate court determined that no valid judgment had been entered, then the appeal had to be dismissed.[7] Once the appeal was dismissed, however, the trial court could enter a valid judgment *nunc pro tunc*.[8] The defendant could then appeal from the *nunc pro tunc* judgment.[9]

The key to the defendant's right to appeal in that situation was that the *nunc pro tunc* judgment was the only valid judgment from which the defendant could have appealed: "This court has frequently reformed judgments which failed in some respects to be entered in accordance with the jury's verdict, but the power to reform does not carry with it the power to enter a judgment. Only the trial court can do that."[10] Without a valid judgment, the case had not been finally disposed of at

---

[4] *Trimble v. State*, 2 Tex. Ct. App. 303, 304 (1877); *Estes v. State*, 38 Tex. Crim. 506, 506-07, 43 S.W. 982, 982 (1898); *Quarles v. State*, 40 Tex. Crim. 353, 354, 50 S.W. 457, 457-58 (1899); *Ray v. State*, 154 Tex. Crim. 362, 366, 227 S.W.2d 216, 218 (1950).

[5] *Estes*, 38 Tex. Crim. at 506-07, 43 S.W. at 982; *Quarles*, 40 Tex. Crim. at 354, 50 S.W. at 457-58.

[6] *Estes*, 38 Tex. Crim. at 506-07, 43 S.W. at 982; *Quarles*, 40 Tex. Crim. at 354, 50 S.W. at 457-58; *Ray*, 154 Tex. Crim. at 366, 227 S.W.2d at 218.

[7] *Trimble*, 2 Tex. Ct. App. at 304; *Estes*, 38 Tex. Crim. at 506-07, 43 S.W. at 982; *Quarles*, 40 Tex. Crim. at 354, 50 S.W. at 457-58; *Martin v. State*, 154 Tex. Crim. 302, 305, 227 S.W.2d 213, 215-16 (1950).

[8] *Ex parte Beard*, 41 Tex. 234, 236-37 (1874); *Rios v. State*, 79 Tex. Crim. 89, 91, 183 S.W. 151, 151-52 (1916); *Ray*, 154 Tex. Crim. at 366, 227 S.W.2d at 218-19; *Martin v. State*, 154 Tex. Crim. 306, 306-07, 236 S.W.2d 819, 819 (1950).

[9] *Rios*, 79 Tex. Crim. at 91, 183 S.W. at 151-52; *Ray*, 154 Tex. Crim. at 366, 227 S.W.2d at 219; *Martin*, 154 Tex. Crim. at 306-07, 236 S.W.2d at 819.

[10] *Martin*, 154 Tex. Crim. at 305, 227 S.W.2d at 215-16.

the trial level and was not yet appealable, and so any appeal had to be dismissed.[11] Entry of the *nunc pro tunc* judgment cured this problem, enabling the case to be appealed. But when there is a mere clerical error in the judgment, it is still a valid judgment. Such a judgment can be appealed, and once the appeal process is exhausted, general appellate jurisdiction terminates.[12]

The cases cited by the Court do not show otherwise. The Court cites *Beard*, but that case was one of those discussed above in which the *nunc pro tunc* judgment cured the complete failure to enter a valid judgment.[13] The *Homan* and *Jones* cases each involved a *nunc pro tunc* judgment that corrected a mere clerical error in an otherwise valid judgment, but neither case was an appeal *from* a *nunc pro tunc* judgment: In *Homan*, the defendant's appeal arose out of the revocation of deferred adjudication, and we decided that the bar against appealing the trial court's decision to adjudicate did not apply to a claim that the *nunc pro tunc* judgment was invalid.[14] We specifically pointed to language in the deferred-adjudication statute that authorized the appeal in question.[15] In *Jones*, the

---

[11] *See* above.

[12] *Skinner*, 305 S.W.3d at 593-94.

[13] *See* 41 Tex. at 235 (judgment was not rendered against the defendant during the term of court in which the trial occurred but was rendered later *nunc pro tunc*).

[14] *Homan v. Hughes*, 708 S.W.2d 449, 451-52 (Tex. Crim. App. 1986).

[15] *Id.* at 452 & n.1 ("Nothing in Art. 42.12, supra, prohibits appeal of matters unrelated to the determination of guilt after a deferred adjudication. In fact, a plain reading of the germane section *indicates just the opposite*." In the footnote, the Court set out a portion of TEX. CODE CRIM. PROC. art. 42.12, § 3d(b)) (emphasis added). *Homan* was actually a mandamus case, because the trial court entered an order denying a request for appointed counsel despite the defendant's indigent status and refusing to permit appeal on the ground that appeal was barred by the deferred-adjudication statute's prohibition against appealing the trial court's decision to adjudicate. *Id.* at 450-51.

defendant appealed the revocation of regular probation.[16]

In *Shaw*, which involved the *nunc pro tunc* correction of the judgment's inaccurate statement about the defendant's time credits, this Court said, "We shall *treat* this as an appeal from a nunc pro tunc order."[17] We ultimately affirmed the trial court's order.[18] The use of the word "treat" seems to imply that the Court simply assumed for the sake of argument that the appeal was valid. In any event, it cannot be considered to be a holding of the case when the issue was never discussed, and the actual issue before the court involved another matter. Moreover, the fact that we affirmed the order instead of reversing it means that there was no compelling reason to confront the issue of whether the appeal was authorized in the first place.

In connection with our statement that we would "treat" the proceeding as an appeal from a *nunc pro tunc* order, we cited Article 42.06 and *Kazmir*.[19] In *Kazmir*, the defendant was convicted of murder and placed on probation, but a judgment for the murder conviction was never entered.[20] The defendant's probation was subsequently revoked, but his appeal of the revocation proceeding was dismissed "for want of a judgment in the murder case in which the probation was granted."[21]

---

[16] *Jones v. State*, 795 S.W.2d 199, 200 (Tex. Crim. App. 1990) ("On direct appeal, appellant asserted, *inter alia*, that it was improper for the trial court to revoke his probation on violations alleged to have occurred prior to February 10, 1987, the actual date of the signing of the judgment *nunc pro tunc*.").

[17] *Shaw v. State*, 539 S.W.2d 887, 888 (Tex. Crim. App. 1976) (emphasis added).

[18] *Id.* at 890.

[19] *Id.* at 888 (citing *Kazmir v. State*, 438 S.W.2d 911 (Tex. Crim. App. 1969)).

[20] 438 S.W.2d at 912.

[21] *Id.* at 912.

After the appeal was dismissed, judgment in the murder case was entered *nunc pro tunc*.[22] The defendant then filed a notice of appeal from the *nunc pro tunc* judgment bringing "forward all matters raised in the original appeal as well as the nunc pro tunc order entering judgment in this cause."[23] We dismissed the appeal without prejudice because the trial court had prematurely forwarded the record.[24]

So *Shaw*, which involved the correction of a mere clerical error in the judgment, cited only to authority regarding the correction of a complete failure to enter judgment. *Shaw* made no other attempt to explain why the correction of a clerical error should be treated the same as the correction of the utter failure to enter a valid judgment.[25]

The Court cites *Curry*, which did unambiguously hold that a defendant could appeal a *nunc pro tunc* order that corrects a mere clerical error.[26] But *Curry* is a court of appeals opinion, and the court of appeals relied solely upon *Shaw* and upon a concession by the State that a *nunc pro tunc* order could be appealed.[27]

My research has uncovered two other cases involving a defendant's purported appeal from a *nunc pro tunc* judgment that corrects a mere clerical error in the judgment. In *Johnston*, the

---

[22] *Id.*

[23] *Id.*

[24] *Id.* (We observed that the time limits for filing the clerk's record and court reporter's record had not expired, the record had not been approved and filed with the clerk, and the thirty days allowed to the defendant to file his brief had not yet expired.).

[25] *See Shaw*, 539 S.W.2d at *passim*.

[26] *Ex parte Curry*, 712 S.W.2d 878, 880 (Tex. App.–Austin 1986).

[27] *Id.*

defendant purported to file both an appeal from *nunc pro tunc* judgments and an application for writ of habeas corpus.[28] Disposing of both filings "jointly," we "set aside" then *nunc pro tunc* judgments because the trial court had entered them without giving the defendant and his attorney the opportunity to be present and offer testimony.[29] In *Cunningham*, the original judgment stated that the defendant had been sentenced to between two and twenty years, and no appeal was filed from that judgment.[30] Later, a *nunc pro tunc* judgment was entered to show that the defendant had been sentenced to twenty years.[31] The defendant than "moved in [the Court of Criminal Appeals] for certiorari requiring the clerk to forward [the record]."[32] The defendant claimed that he was entitled to appeal not only from the order entering judgment *nunc pro tunc* but also from the conviction.[33] We responded, "In cases such as this the right of appeal, *if any*, is limited to the validity of the nunc pro tunc entry."[34] We ultimately dismissed the defendant's appeal because he had moved for certiorari but had not entered a notice of appeal in the record.[35]

So, there is a significant amount of authority for the proposition that a defendant could appeal a judgment *nunc pro tunc* that was entered to correct a trial court's previous failure to enter a valid

---

[28] *Johnston v. State*, 166 Tex. Crim. 65, 66, 311 S.W.2d 823, 823 (Tex. Crim. App. 1958).

[29] *Id.* at 66, 311 S.W.2d at 823-24.

[30] *Cunningham v. State*, 167 Tex. Crim. 641, 641, 322 S.W.2d 538, 539 (Tex. Crim. App. 1959).

[31] *Id.* at 642, 322 S.W.2d at 539.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 643, 322 S.W.2d at 540 (emphasis added).

[35] *Id.*

judgment. Under those circumstances, that appeal constituted the defendant's only viable appeal from his conviction because the case was not even appealable until after the *nunc pro tunc* judgment was entered.[36] By contrast, no cases from this Court appear to address the issue head-on or to hold explicitly that a defendant can appeal from a *nunc pro tunc* judgment that corrects a mere clerical error. And to the extent that that proposition might be inferred from the ambiguous holdings in some of our cases, that proposition is not supported by any reasoning. Allowing such an appeal conflicts with our cases holding that general appellate jurisdiction ceases when the appeals process from the conviction is exhausted.[37]

Appellant is not without a remedy. He can file an application for writ of habeas corpus alleging a due-process violation. We have on occasion addressed claims attacking *nunc pro tunc* orders in habeas applications and have resolved such claims on the merits.[38] Under the Court's holding today, such claims would not even be cognizable on habeas because there would be an

---

[36] This is why the Court is incorrect when it says that "there was no statutory authorization for the appeal of the *nunc pro tunc* judgment in the invalid judgment cases." There was and is statutory authorization: the statutes that authorize the appeal from a judgment of conviction, i.e., Article 44.02 and its predecessors.

[37] Moreover, a *nunc pro tunc* judgment often results from a party's motion to enter judgment *nunc pro tunc*. A ruling granting or denying a motion is never appealable in the absence of statutory authorization. And if a ruling granting a *nunc pro tunc* motion is thought to be appealable, there is no apparent reason that a ruling denying a *nunc pro tunc* motion should not likewise be appealable. Finally, it would be anomalous to treat the *nunc pro tunc* judgment as appealable or not, simply on the basis of whether a party moved for the ruling or the judge entered it *sua sponte*.

[38] *Ex Parte Moore*, 727 S.W.2d 578, 579-80 (Tex. Crim. App. 1987) (*Nunc pro tunc* order adding deadly-weapon finding was held invalid); *Ex parte Dopps*, 723 S.W.2d 669, 670-71 (Tex. Crim. App. 1986) (same).

adequate remedy on appeal.[39]

I respectfully dissent.

Filed: June 27, 2012
Publish

---

[39] *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004).