**Abatement Order filed October 28, 2015**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-15-00721-CR

———————

**BRENETTA SHERMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1389343**

---

## ABATEMENT ORDER

On March 5, 2015, this court affirmed appellant's conviction, but modified the trial court's judgment to reflect that appellant pleaded not guilty before a jury, that the trial court accepted the jury's verdict, and that the jury assessed punishment. *Sherman v. State*, No. 14-14-00335-CR; 2015 WL 1020810 (Tex. App.—Houston [14th Dist.] Mar. 5, 2015, pet ref'd) (not designated for publication). According to a supplemental clerk's record filed with this court, the trial court, on its own motion, entered a judgment nunc pro tunc correcting the

items modified by this court's judgment. The judgment nunc pro tunc was signed July 10, 2015, and appellant filed a pro se notice of appeal from on August 3, 2015. Nunc pro tunc judgments are appealable orders. *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012). Therefore, appellant's appeal is timely. This court is unaware whether appellant is entitled to proceed without the payment of costs. *See* Tex. R. App. P. 37.3(c)(2)(B). Accordingly, we enter the following order. *See* Tex. R. App. P. 35.3(c).

We ORDER the judge of the 230th District Court to immediately conduct a hearing at which appellant, appellant's counsel, if any, and counsel for the State shall participate, either in person or by video teleconference, to determine whether appellant desires to prosecute her appeal, and, if so, whether appellant is indigent and, thus entitled to a free record and appointed counsel on appeal. The judge may appoint appellate counsel for appellant if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing, the court's findings and conclusions, and a videotape or compact disc, if any, containing a recording of the video teleconference shall be filed with the clerk of this court within thirty days of the date of this order.

The court reporter for the 230th District Court is not required to re-file the original reporter's record from appellant's jury trial, which was affirmed by this court in cause number 14-14-00335-CR. If it is determined that appellant is entitled to a free record on appeal, the court reporter is responsible for filing records of any hearings with regard to the judgment nunc pro tunc only.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM