**Opinion issued October 30, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-18-00657-CR**

———————————

**LARRY MARCEL VAUGHN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 14-DCR-066396**

---

## MEMORANDUM OPINION

This is an attempted appeal from a judgment adjudicating appellant guilty of the offense of aggravated sexual assault of a child, signed on March 5, 2018. A judgment nunc pro tunc was signed on April 11, 2018. The trial court signed a certification of appellant's right to appeal "as to adjudication & punishment only"

on March 5, 2018. The record reflects that appellant was represented by appointed counsel at the time of judgment, and he was notified of his right to appeal. Representing himself, appellant filed a late notice of appeal July 19, 2018. We dismiss the appeal.

In criminal cases in which no motion for new trial is filed, the appellant must file a notice of appeal "within 30 days after the day sentence is imposed." TEX. R. APP. P. 26.2(a)(1). Because the trial court signed a nunc pro tunc judgment, the latest date for filing the notice of appeal was May 11, 2018. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (notice of appeal timely if filed within 30 days after nunc pro tunc judgment signed). Appellant filed his notice of appeal on July 19, 2018. Thus, his notice of appeal was not timely filed. Without a timely-filed notice of appeal, we lack jurisdiction. *See* TEX. R. APP. P. 25.1.

Rule 26.3 permits an appellate court to extend the time to file the notice of appeal if appellant files a motion for extension of time within 15 days of the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. No motion for extension was filed. Even if it had been, the notice of appeal was filed after the expiration of extra time authorized by the rules of appellate procedure to file a notice of appeal.

Accordingly, we dismiss this appeal for lack of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).