# NO. 12-21-00188-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *TOMMY WILLIS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Tommy Willis, acting pro se, filed this original proceeding in which he asks this Court to compel Respondent to sign a judgment nunc pro tunc to delete an affirmative deadly weapon finding.[1] Relator provides a letter from Respondent, dated April 9, 2008, which reflects that Respondent denied his motion for judgment nunc pro tunc.

The judgment of conviction states that Relator pleaded "guilty" to the first-degree felony offense of aggravated robbery. The trial court affirmatively found that he used or exhibited a deadly weapon during commission of the offense, to wit: a firearm. Relator's conviction was affirmed on appeal. *See* **Willis v. State**, No. 09-97-00299-CR, 1998 WL 429058 (Tex. App.—Beaumont July 29, 1998, no pet.) (op., not designated for publication) (per curiam). In his letter denying Relator's motion for judgment nunc pro tunc, Respondent stated, "As reflected by the attached indictment, the use of a deadly weapon was presented to the trier of fact, Judge Goodwin, and his entry of same on the Judgment as an affirmative finding was 'de facto made' when you were found guilty as charged in the indictment." Relator contends that the finding was improperly made and renders the judgment void.

"The purpose of a *nunc pro tunc* judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record." **Blanton v. State**, 369 S.W.3d 894, 897-98 (Tex. Crim.

---

[1] Respondent is the Honorable Paul E. White, Judge of the 159th District Court in Angelina County, Texas. The State of Texas is the Real Party in Interest.

App. 2012). "The corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment." *Id*. at 898. Corrections are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Id*. Whether an error is clerical or judicial is a matter of law, but a *nunc pro tunc* judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order. *Id*. For example, when the trier of fact made a deadly weapon finding and the trial court erroneously failed to include the finding in the judgment, mandamus is an appropriate remedy because by law the trial court is under a mandatory duty to include the finding in its judgment once the trier of fact made such a determination. *In re Malone*, No. 05-14-01458-CV, 2014 WL 6779279, at *2 (Tex. App.—Dallas Dec. 2, 2014, orig. proceeding) (mem. op.). Such a correction is clerical in nature. *Id*.

But here, Relator complains that the finding was improperly made; thus, the judgment cannot be corrected by nunc pro tunc judgment because deletion of the affirmative deadly weapon finding would require judicial judgment. *See id*. (where relator sought deletion of deadly weapon finding on grounds that judgment was incorrect either because it did not reflect his understanding that the plea agreement would not include a deadly weapon finding or because the trial court could not properly make a deadly weapon finding, judgment could not be corrected by nunc pro tunc because the matter required judicial judgment); *see also In re Benavides*, No. 03-18-00382-CV, 2018 WL 3118085, at *1-2 (Tex. App.—Austin June 26, 2018, orig. proceeding) (mem. op., not designated for publication) (relator complained that affirmative deadly weapon finding was not supported by evidence and should be deleted, but trial court did not have ministerial duty to grant judgment nunc pro tunc because inclusion of the finding was not a clerical error). Such a complaint constitutes a collateral attack on the judgment rather than a complaint regarding a clerical error. *Malone*, 2014 WL 6779279, at *2. Accordingly, Respondent did not abuse his discretion by denying the motion for judgment nunc pro tunc. Because we so conclude, we ***deny*** the petition for writ of mandamus. All pending motions are ***overruled as moot***.

Opinion delivered December 8, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 8, 2021**

**NO. 12-21-00188-CR**

**TOMMY WILLIS,**
Relator
V.

**HON. PAUL E. WHITE,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Tommy Willis; who is the relator in appellate cause number 12-21-00188-CR and the defendant in trial court cause number CR-19257, formerly pending on the docket of the 159th District Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on October 14, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*