# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00519-CR

---

**Mark Stinson, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 426TH DISTRICT COURT OF BELL COUNTY**
**NO. 24DCR88969, THE HONORABLE STEVEN J. DUSKIE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Mark Stinson seeks to appeal his conviction for deadly conduct. *See* Tex. Penal Code § 22.05. The trial court has certified that this is a plea-bargain case for which he has no right to appeal. *See Hargraves v. State*, Nos. 01-13-00194—00196-CR, 2013 WL 1932139, at *1 (Tex. App.—Houston [1st Dist.] May 9, 2013, no pet.) (mem. op., not designated for publication) (explaining that agreement in which defendant agreed to plead guilty in exchange for State's agreeing to abandon enhancement allegation was plea-bargain agreement). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d).[1]

---

[1] Although we are dismissing this case, we do note that the trial court's judgment in this case incorrectly states that the "Statute for Offense" is "22.02(a)(2) Penal Code." That provision governs the offense of aggravated assault and not deadly conduct as charged in this case. *See* Tex. Penal Code §§ 22.02, .05; *see also Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012) (explaining that trial court may enter judgment nunc pro tunc to correct discrepancy between written judgment and judgment pronounced in court).

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Jurisdiction

Filed:   August 6, 2025

Do Not Publish