

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00347-CR

**MICHAEL LYNN WALLS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 220th District Court
### Hamilton County, Texas
### Trial Court No. CR-07586

## MEMORANDUM OPINION

Appellant Michael Lynn Walls pleaded guilty to possession of less than one gram of methamphetamine and stipulated and pleaded true to enhancement allegations. Under a plea agreement, the trial court sentenced Appellant to ten years in prison and assessed a $1,000 fine, court costs, and $500 for court-appointed attorney's fees. The original judgment, signed on July 29, 2010, assessed the $1,000 fine, $314 in court costs, $140 for restitution, and $500 for court-appointed attorney's fees.

On May 16, 2012, the trial court signed an order to withdraw funds that directed

the Texas Department of Criminal Justice to withdraw a percentage of funds from Appellant's inmate trust account to pay the assessed "court costs, fees and/or fines and/or restitution." Appellant filed a pro se motion for entry of judgment nunc pro tunc requesting deletion of the $1,000 fine and the $500 for court-appointed attorney's fees. Appellant acknowledged previous correspondence with the trial court indicating that the trial court would waive the $500 assessment for court-appointed attorney's fees because of Appellant's indigence, and Appellant asserted that the $1,000 fine was improper because it was not orally pronounced at the imposition of sentence. The reporter's record from the plea hearing reflects that the trial court did pronounce the $1,000 fine at the time of sentencing.

The trial court entered a second nunc pro tunc judgment[1] that deleted only the $500 court-appointed attorney's fees; it did not delete the $1,000 fine. Appellant filed a pro se notice of appeal of the second nunc pro tunc judgment, and he was subsequently appointed counsel in this appeal by the trial court.

A nunc pro tunc judgment is an appealable order, but the appeal is limited to the propriety of the nunc pro tunc judgment, and we do not have authority to review the underlying conviction or the plea bargain's validity. *Blanton v. State*, 369 S.W.3d 894, 900, 904 (Tex. Crim. App. 2012).

Appellant's appointed appellate counsel has filed a motion to withdraw and an *Anders* brief, asserting that he has diligently reviewed the appellate record and that, in

---

[1] A nunc pro tunc judgment was entered a month after the original judgment, but it is not germane to this appeal.

his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although informed of his right to do so, Appellant did not file a *pro se* response to the *Anders* brief.

In an *Anders* case, we must, "after a full examination of all the proceedings, [] decide whether the case is wholly frivolous." *Id.* at 744, 87 S.Ct. at 1400; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).[2]

We have conducted an independent review of the record, and because we find this appeal to be wholly frivolous, we affirm the judgment. We grant appointed counsel's motion to withdraw from representation of Appellant. Notwithstanding this grant, appointed counsel **must** send Appellant a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006).


REX D. DAVIS
Justice

---

[2] We do not address whether the trial court's judgment nunc pro tunc was more favorable than the judgment the State was entitled to enforce or whether the trial court had the authority or jurisdiction to modify the judgment in the manner that it did.

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins

Affirmed
Opinion delivered and filed May 9, 2013
Do not publish
[CR25]