**DISMISS; Opinion Filed July 24, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-09-00758-CR**

**DONALD GENE BLANTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 15189**

## MEMORANDUM OPINION ON REMAND

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

This case was remanded to us by the Texas Court of Criminal Appeals. In six points of error, appellant Donald Gene Blanton asserts, among other things, that the trial court incorrectly determined he has no right to appeal. The background and facts of the case are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We overrule Blanton's first point of error, decline to consider his second through sixth points of error, and dismiss his appeal.

We adopt the court of criminal appeals' recitation of the factual background of this case, *see Blanton v. State*, 369 S.W.3d 894, 896-97 (Tex. Crim. App. 2012), and provide only the facts necessary to resolve the issues in this appeal.

Blanton pleaded guilty to burglary of a habitation in July 1987. In the plea bargain, he agreed to a seven year sentence and restitution in the amount of $500. The trial court accepted the plea and entered judgment. The trial court subsequently entered three *nunc pro tunc* judgments dated August 1, 1988, March 20, 2009, and June 12, 2009. Following the third *nunc pro tunc* judgment, Blanton filed this appeal.

During the prior appeal, we determined we lacked jurisdiction because Blanton's notice of appeal was untimely. However, the court of criminal appeals reversed and remanded the case "to the court of appeals to consider the merits of [Blanton's] appeal." *See id.* at 896. Later in the opinion, the court instructs us "to consider the merits of [Blanton's] right to appeal the June 12, 2009 *nunc pro tunc* judgment" pursuant to Texas Rule of Appellate Procedure 25.2(a)(2)(A-B).[1] *See id.* at 904.

Rule 25.2(a)(2) addresses a defendant's right to appeal in a criminal case:

> *Of the Defendant.* A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
> > (A) those matters that were raised by written motion filed and ruled on before trial, or
> > (B) after getting the trial court's permission to appeal.

Tex. R. App. P. 25.2(a)(2)(A-B). We must dismiss an appeal if a certification showing the defendant has the right to appeal is not part of the appellate record or unless we conclude the trial court's certification is defective. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App.

---

[1] Although the court of criminal appeals determined that this Court "had jurisdiction to consider the merits of Appellant's appeal," that determination was limited to whether Blanton timely filed his notice of appeal; the court of criminal appeals' conclusion as to jurisdiction did not consider whether Blanton had a right to appeal pursuant to rule 25.2(a). *See Blanton*, 369 S.W.3d at 904.

2005). A certification is defective if it is correct in form, but is inaccurate when compared to the record. *See id.* at 614.

The clerk's record shows Blanton entered a plea of guilty to the charged offense below, and that the punishment assessed did not exceed that recommended by the prosecutor and agreed to by the defendant. Thus, this is an appeal of a plea bargain case. *See* TEX. R. APP. P. 25.2(a)(2) (plea-bargain case is "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant."). Additionally, the record shows Blanton is not appealing matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2)(A-B). Indeed, the clerk's record contains the trial court's certification regarding Blanton's right to appeal, dated after the third *nunc pro tunc* judgment, which states that this "[i]s a plea-bargain case, and the defendant has NO right of appeal."

Blanton argues that the trial court improperly concluded he had no right of appeal and this Court should instruct the trial court to certify the appeal as "not a plea-bargain case, and the defendant has the right of appeal." In other words, he asserts the certificate is inaccurate. The basis of his argument is that he is appealing issues arising from the entry of the third *nunc pro tunc* judgment, not the underlying conviction or the plea bargain. However, the issues Blanton seeks to assert on appeal relate to the terms of the plea agreement and the entry of a judgment *nunc pro tunc* correcting the judgment entered based on his plea agreement.

Based on the record before us, we conclude that the record contains no certificate showing Blanton has a right to appeal and that the trial court's certificate stating Blanton does not have a right to appeal is not defective. *See Dears*, 154 S.W.3d at 613. As a result, we must dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court

–3–

of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

We dismiss the appeal. *See* TEX. R. APP. P. 25.2(a)(2)(A-B).


         /Jim Moseley/
         JIM MOSELEY
         JUSTICE


Do Not Publish
TEX. R. APP. P. 47


090758RF.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONALD GENE BLANTON, Appellant

No. 05-09-00758-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th District Court, Kaufman County, Texas
Trial Court Cause No. 15189.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal pursuant to Texas Rule of Appellate Procedure 25.2(a)(2).

Judgment entered this 24th day of July, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE