

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-14-00006-CR &
06-14-00007-CR

DEREK BERNARD  HOWARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court Nos. 37,767-B & 37,809-B

Before Morriss, C.J., Carter and Moseley, JJ.

ORDER

Derek Bernard Howard appeals from the entry of a nunc pro tunc judgment entered in connection with his conviction of criminal mischief.

Even though not expressly permitted by statute, an appellant has a right to appeal from a nunc pro tunc judgment. *Moore v. State,* 446 S.W.2d 878, 879 (Tex. Crim. App. 1969). Rule 26.2 of the Texas Rules of Appellate Procedure requires that a criminal defendant's notice of appeal be filed within thirty days after the day that sentence is imposed or suspended in open court, or "after the day the trial court enters an appealable order." Tex. R. App. P. 26.2(a) (1). Appeals from nunc pro tunc judgments are extensively discussed in *Blanton v. State*, 369 S.W.3d 894, 903–04 (Tex. Crim. App. 2012) and *Jones v. State*, 795 S.W.2d 199 (Tex. Crim. App. 1990). In *Blanton*, although his original sentence was imposed in 1987, the third nunc pro tunc judgment in that case was not entered by the trial court until June 12, 2009. It was determined that the thirty-day period for filing his appeal commenced the following day. The appeal here applies only to issues arising from the entry of the relevant nunc pro tunc judgment. It is neither an appeal of Howard's conviction nor does it question the validity of the plea bargain agreement which led to his conviction. *See Blanton*, 369 S.W.3d at 903–04.

The underlying nunc pro tunc judgment from which Howard has appealed was dated November 19, 2013, and his notice of appeal was filed with the Gregg County District Clerk on December 30, 2013. Included in Howard's notice of appeal is a request by him for additional time within which to file his notice of appeal. Howard explains that his incarceration prevented him from being aware that the judgment had been entered until after he received mail on December 16, 2013, which contained a copy of the nunc pro tunc judgment. His notice of appeal is dated December 23,

2013. We deem the notice to contain a motion to extend time to file a notice of appeal, which this Court has granted. The appeal is therefore before this Court.

Because of these factors, it appears that the certification of right of appeal provided to us (which indicates that Howard has no right of appeal) should be replaced with a certification reflecting that Howard has a right to appeal from the nunc pro tunc judgment.

Howard has also filed a motion with this Court requesting that he be appointed counsel to represent him in this appeal, for more time in which to file the appellate brief, and for an order directing the preparation of a reporter's record (this request apparently being for the record of the underlying trial in which he was originally convicted). At this point, the only sources of information before this Court are the allegations contained in Howard's pleadings before this Court and a record provided by the Gregg County District Clerk, which contains only a copy of Howard's indictment, the nunc pro tunc judgment, a related application for a writ of mandamus, a notice of appeal, an order which purports to deny his motion to file an appeal dated January 15, 2014, and a certification of right of appeal. We hereby direct the district clerk to supplement the appellate record with copies of the original judgment and the court's docket.

Howard's brief will not become due until after the record is complete, and the record in this matter is not yet complete. Accordingly, because Howard's motion to extend time to file brief is premature, the motion is denied.

With respect to Howard's motion for the appointment of counsel on appeal, we must determine whether Howard is entitled to appointed counsel. Before we can make that determination, the trial court must first determine whether Howard is indigent. We, therefore, abate this appeal to the trial court for a hearing on that matter. *See* TEX. R. APP. P. 20.2, 38.8(b).

3

The trial court should determine whether Howard desires to pursue the appeal and whether he is indigent. It is apparent that before an unfavorable nunc pro tunc judgment may be entered, the defendant must be given the opportunity to be present for a hearing and be represented by counsel to afford him due process of law. *Blanton*, 369 S.W.3d at 900.

Accordingly, if Howard is found indigent, the trial court should appoint counsel to represent him on appeal.

We further note that the types of changes that Howard alleges were effected by the entry of the nunc pro tunc judgment appear to be ones that would particularly rest on important fact-findings. These changes impact the enhancement allegations and the degree of the offense of which he was convicted; they would have to rely on findings regarding evidence that would necessarily have been presented.

The entry of such a nunc pro tunc judgment dealing with these issues is particularly problematic in this case because the trial judge who signed the original judgment of conviction has since died, and there is nothing available in the record provided to us to indicate what actions the presiding judge took at trial. It appears that in order for this determination to be made, a transcription of the underlying plea hearing will be necessary.

We order the trial court to conduct a hearing within fifteen days of this order to determine whether Howard is indigent and make findings on indigence. Should the trial court determine that Howard is indigent, then it shall determine if Howard desires to appeal his case and, if so, appoint counsel to represent him in this appeal, make findings concerning the portions of the reporter's record necessary to allow an appellate court to conduct a meaningful review of the

issues, and direct the preparation of a reporter's record from those portions of the underlying plea hearing deemed necessary for that review.

We further direct the trial court to prepare and file a certificate of right of appeal in accord with the principles set out above.

The trial court may also address such other matters as it deems appropriate. The trial court's findings and recommendations on the issues set forth and any others that the trial court believes may be helpful to the Court in this situation shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. *See* TEX. R. APP. P. 38.8(b) (3). The reporter's record of the hearing shall also be filed with this Court in the form of a supplemental reporter's record within fifteen days of the date of the hearing. *See id*.

All appellate timetables are stayed and will resume on our receipt of the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date:  February 18, 2014