

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00024-CR

ANTHONY RAY RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court 2
Tarrant County, Texas
Trial Court No. 1608923, Honorable Wayne F. Salvant, Presiding

July 31, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant appeals from a nunc pro tunc judgment signed on November 18, 2022, by Criminal District Court No. 2 of Tarrant County, Texas.[1]  The nunc pro tunc judgment,

---

[1] This appeal was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

obtained on the State's motion, corrected an April 2020 judgment to reflect that Appellant's conviction was for a state jail felony instead of a second-degree felony.[2]

On appeal, Appellant does not challenge the nunc pro tunc judgment but argues that the correction necessitates reducing his sentence from fifteen years to two years to reflect a non-enhanced state jail felony (thereby reducing his plea-bargained sentence from fifteen years of confinement to two years). We decline Appellant's request.

A judgment nunc pro tunc is appropriate to correct discrepancies between the court's records and the actual judgment. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). Clerical errors that are correctable without judicial reasoning can be amended through a nunc pro tunc order. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). In this case, Appellant received a state jail felony punished as a second-degree felony, but the records simply reflected a second-degree felony.

However, even if Appellant's legal position were viable, our ability to grant the relief sought is restricted by our jurisdiction. Our appellate jurisdiction is limited to reviewing the validity of the nunc pro tunc entry and does not extend to the underlying conviction or ancillary matters. *See Moore v. State*, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969); *Blanton v. State*, 369 S.W.3d 894, 900, 904 (Tex. Crim. App. 2012). The Second Court of Appeals, from which this appeal is transferred, has previously applied this jurisdictional

---

[2] In a 2020 plea agreement, Appellant signed Written Plea Admonishments indicating he would be convicted of a "state jail felony punished as a second-degree felony," with a corresponding term of two to twenty years in the Texas Department of Criminal Justice. His fifteen-year sentence aligns with the State's recommended term. By pleading guilty, Appellant acknowledged "[his] attorney provided [him] fully effective representation," and he "waived all rights given to [him] by law; whether of form, substance, or procedure under Art. 1.14, TEXAS CODE OF CRIMINAL PROCEDURE."

principle, recognizing the limited ability of an appellate court to review a nunc pro tunc order. *Loftin v. State*, No. 02-11-00366-CR, 2012 Tex. App. LEXIS 9497, at *6–7 (Tex. App.—Fort Worth Nov. 15, 2012, no pet.) (per curiam) (mem. op.) (collected cases cited therein).

Appellant's request for the Court to reassess his sentence would require a review of ancillary issues over which we have no jurisdiction. Because Appellant does not challenge the propriety of the trial court's nunc pro tunc order, a matter within our jurisdiction, we overrule Appellant's issues and dismiss the appeal.

Lawrence M. Doss
Justice

Do not publish.