

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00265-CR
## NO. 02-14-00266-CR

DAVID HERRERA APPELLANT

V.

THE STATE OF TEXAS STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NOS. 1330289D, 1331433D

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea-bargain transaction, the trial court convicted appellant

David Herrera of two counts of burglary of a building and sentenced him to ten

years' confinement in each case, with the sentences running concurrently.[2] The

---

[1]See Tex. R. App. P. 47.4.

[2]Although burglary of a building (other than a habitation) is a state-jail felony, appellant's prior state-jail-felony convictions enhanced his punishment

trial judge, appellant, and appellant's counsel signed certifications stating that appellant has "NO right of appeal."  But appellant brought these appeals.

We sent appellant a letter mentioning the certifications and stating that unless he filed a response showing grounds for continuing the appeals, we could dismiss them.  Appellant's response does not show an adequate basis for continuing the appeals.  *See* Tex. R. App. P. 25.2(a)(2).  Thus, in accordance with the trial court's certifications, we dismiss the appeals.[3]  *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012); *Cooper v. State*, 45 S.W.3d 77, 82–83 (Tex. Crim. App. 2001).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 21, 2014

---

range in each of these cases to that of a third-degree felony.  *See* Tex. Penal Code Ann. § 12.425(a) (West Supp. 2014), § 30.02(a), (c)(1) (West 2011).

[3]The judgments incorrectly state that appellant was convicted of third-degree felonies.  But because we must dismiss these appeals, we cannot modify the judgments.  *See* Tex. R. App. P. 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal *without further action* . . . ." (emphasis added)); *Shannon v. State*, No. 05-12-00693-CR, 2012 WL 3670257, at *1 n.1 (Tex. App.—Dallas Aug. 28, 2012, no pet.) (mem. op., not designated for publication).