**DISMISS; and Opinion Filed May 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00618-CR

**JOHN ALLEN ENGLISH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 32068CC**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

A jury found John Allen English guilty of one count of manslaughter and two counts of aggravated assault with a deadly weapon. The trial court assessed punishment on each count, enhanced by one prior felony conviction, at forty years' imprisonment. The trial court also assessed a $5,000 fine on the manslaughter conviction. The sentences were imposed in open court on October 6, 2014. The documents before the Court do not reflect that a motion for new trial was filed; therefore, appellant's notice of appeal was due by November 5, 2014. *See* TEX. R. APP. P. 26.2(a)(1). Appellant filed a pro se notice of appeal; the certificate of service is dated April 23, 2015 and it is file-stamped May 14, 2015. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of the court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must

be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 697–97 (Tex. Crim. App. 2008)). To invoke this Court's jurisdiction, an appellant must file his notice of appeal within the time provided by the Texas Rules of Appellate Procedure. *See Blanton*, 369 S.W.2d at 902; *Olivo*, 918 S.W.2d at 522; *see also* TEX. R. APP. P. 26.2(a) (time to file notice of appeal); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Appellant's May 14, 2015 notice of appeal is untimely because it was filed more than thirty days after his October 6, 2014 sentencing date, leaving us without jurisdiction over the appeal. *See* TEX. R. APP. P. 26.2(a)(1); *Slaton v. State*, 981 S.W.2d at 210. Accordingly, we dismiss the appeal for want of jurisdiction.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150618F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN ALLEN ENGLISH, Appellant

No. 05-15-00618-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court At Law No. 1, Kaufman County, Texas
Trial Court Cause No. 32068CC.
Opinion delivered by Justice Fillmore, Justices Myers and Evans participating.

       Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.


Judgment entered this 18th day of May, 2015.