

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00350-CR

**VERNON O'DELL TAYLOR, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 220th District Court
Hamilton County, Texas
Trial Court No. CR07716**

## MEMORANDUM  OPINION

A jury found Appellant Vernon O'Dell Taylor, Jr., guilty of the offense of delivery of marijuana in an amount of five pounds or less but more than one-fourth ounce, and the trial court assessed his punishment at two years' confinement in state jail.  Sentence was imposed on or about July 30, 2012, and no motion for new trial was filed.

Texas Rule of Appellate Procedure 26.2(a) provides that, unless a defendant timely files a motion for new trial, an appeal is perfected when notice of appeal is filed

within thirty days after sentence is imposed in open court. TEX. R. APP. P. 26.2(a). Therefore, Taylor's notice of appeal was due to have been filed on or before August 29, 2013.

Taylor's pro se notice of appeal was filed with the trial court clerk on September 20, 2012, after being received by the Eleventh Court of Appeals on September 18, 2012. Taylor's notice of appeal was filed in this Court on September 27, 2012.[1]

By letter dated October 24, 2012, the Clerk of this Court notified Taylor that his appeal was subject to dismissal for want of jurisdiction because it appeared that his notice of appeal was not timely filed. The letter also warned Taylor that the Court might dismiss the appeal unless, within twenty-one days after the date of the letter, he showed grounds for continuing the appeal. Taylor's counsel responded by letter, acknowledging that it did appear that Taylor's notice of appeal was untimely and therefore that the appeal was subject to dismissal for want of jurisdiction.

Upon further consideration, by letter dated January 9, 2013, the Clerk of the Court notified Taylor that although the appeal of his underlying conviction was untimely, in light of *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012), the Court would have jurisdiction to consider the propriety of the trial court's *nunc pro tunc* judgment, signed on September 13, 2012, if the appeal of the *nunc pro tunc* judgment was timely filed but that Taylor's notice of appeal was defective in that it did not show his desire to appeal from that specific judgment. *See* TEX. R. APP. P. 25.2(c). The letter thus directed Taylor within fourteen days of the date of the letter to file an amended

---

[1] Taylor's appellate counsel was appointed on September 26, 2012.

notice of appeal in the appellate court identifying which trial court judgment or other appealable order from which he desired to appeal. *See* TEX. R. APP. P. 25.2(c), (f); 37.1. Taylor's counsel again responded by letter, stating that, after consultation with Taylor, Taylor is not pursuing an appeal of the judgment *nunc pro tunc*; rather, he will be seeking an out-of-time appeal from the original imposition of sentence on July 30, 2012. An appeal of the propriety of the trial court's *nunc pro tunc* judgment was therefore not perfected. *See* TEX. R. APP. P. 25.2(b), (c).

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Appeal dismissed
Opinion delivered and filed February 21, 2013
Do not publish
[CR25]