

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00163-CR

ELLIOT VANCE SIRBAUGH                                                     APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1328754D

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea-bargain agreement that contained the State's punishment recommendation of twelve month's confinement, the trial court convicted appellant Elliot Vance Sirbaugh of burglary of a building[2] and sentenced him to twelve months in a state jail.  The trial judge, appellant, and

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 30.02(a), (c)(1) (West 2011).

appellant's counsel signed a certification stating that appellant had "NO right of appeal." Nonetheless, appellant filed a notice of appeal, contending that his plea was the "result of his appointed counsel's ineffectiveness and coercion."[3]

On May 1, 2014, we sent appellant a letter mentioning the certification and stating that unless he filed a response showing grounds for continuing the appeal, we could dismiss it. He has not responded. Thus, in accordance with the trial court's certification, we dismiss the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f), 44.3; *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012); *Cooper v. State*, 45 S.W.3d 77, 82–83 (Tex. Crim. App. 2001).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 21, 2014

---

[3]In his plea paperwork, appellant affirmed that he was aware of the consequences of his plea and that the plea was "intelligently, knowingly, and voluntarily" entered.