

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00034-CR

LARRY GENE SEWELL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 0248756D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Larry Gene Sewell attempts to appeal from the trial court's order denying his motion to set aside a prior nunc pro tunc order. We dismiss the appeal.

In 1985, a jury convicted appellant for committing murder. The trial court sentenced him to confinement for life. In 1987, the trial court entered a nunc pro

----

[1]*See* Tex. R. App. P. 47.4.

tunc order that amended the judgment to include an affirmative deadly weapon finding. The record does not establish that appellant attempted to challenge the nunc pro tunc order through an appeal (or otherwise) at that time.[2]

In December 2014, appellant filed a motion to set aside the nunc pro tunc order. The same month, the trial court denied appellant's motion, finding that the "deadly weapon finding is proper." Appellant filed a pro se notice of appeal from the December 2014 order.

We sent appellant a letter expressing our concern that we lack jurisdiction over this appeal because the trial court's order is not appealable. We informed appellant that unless he filed a response showing grounds for continuing the appeal, we would dismiss it. Appellant filed a response, but the response does not cite authority showing that the trial court's December 2014 order is appealable, nor have we found such authority. Because we conclude that the December 2014 order denying appellant's motion to set aside the 1987 nunc pro tunc order is not appealable, we dismiss appellant's appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Underwood v. State*, No. 11-08-00128-CR, 2008 WL 2058548, at *1 (Tex. App.—Eastland May 15, 2008, pet. dism'd) (mem. op., not designated for publication) (holding that when a defendant attempted to challenge a 1992 nunc pro tunc order by filing a motion to vacate in

---

[2]A nunc pro tunc order is appealable, but the appeal must be brought within the time set by the rules of appellate procedure. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012).

2008, the court of appeals did not have jurisdiction over the trial court's denial of that motion); *see also In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at *1 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) (explaining that an order denying a motion for judgment nunc pro tunc is not appealable and that the appropriate remedy for a trial court's refusal to correct a clerical error in a judgment is through a petition for writ of mandamus)[3] (citing *Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004)).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 21, 2015

---

[3]Appellant's motion to set aside the nunc pro tunc order is similar to a motion for judgment nunc pro tunc because it appears to seek a change of the trial court's final judgment of conviction (as amended by the 1987 nunc pro tunc order).