

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-25-00620-CR, 04-25-00621-CR

Samuel **PERKINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2025-CR-004671, 2025-CR-004672
Honorable Benjamin Robertson, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
             Lori I. Valenzuela, Justice
             Lori Massey Brissette, Justice

Delivered and Filed: February 11, 2026

DISMISSED FOR LACK OF JURISDICTION

Appellant filed a pro se notice of appeal on September 18, 2025, purporting to appeal "from [a] Negotiated Plea." Thereafter, the trial court clerk filed the clerk's record. The clerk's record contains neither a negotiated plea, final judgment of conviction, nor an order on appellant's pretrial writ of habeas corpus. It also does not include a certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

Appeals by defendants in criminal cases "are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). The "standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). We have jurisdiction to consider an appeal filed by a criminal defendant after a final judgment of conviction. *See Zamarripa v. State*, No. 04-16-00274-CR, 2016 WL 3085932, at *1 (Tex. App.—San Antonio June 1, 2016, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. art. 44.02). We also have jurisdiction to consider an appeal from the denial of a pretrial application for writ of habeas corpus asserting excessive bond. *See Ex parte Garces*, No. 04-11-00015-CR, 2011 WL 2150345, at *1 (Tex. App.—San Antonio June 1, 2011, no pet.) (mem. op., not designated for publication). Here, however, the clerk's record does not include either a judgment of conviction or an order denying appellant's pre-trial writ of habeas corpus.

Moreover, Rule 25.2(d) of the Texas Rules of Appellate Procedure provides: "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

Because there was no appealable order in the record, we ordered appellant to show cause, on or before December 29, 2025, why this appeal should not be dismissed for lack of jurisdiction. To date, we have not received a response to our show cause order. Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH

- 2 -