**Dismiss and Opinion Filed May 21, 2015**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00463-CR

**GEOFFREY ROSS RIMES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-23132-P**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Brown
Opinion by Chief Justice Wright

Geoffrey Ross Rimes pleaded guilty to possession of methamphetamine in an amount of

one gram or more but less than four grams. He also pleaded true to one enhancement paragraph.

The trial court assessed punishment at twenty years' imprisonment and a $500 fine.[1] We

conclude we lack jurisdiction over the appeal.

The record reflects that sentence was imposed in open court on January 27, 2015, and no

motion for new trial was filed. Therefore, appellant's notice of appeal was due by February 26,

2015. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's pro se notice of appeal is file-stamped March

13, 2015, within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P.

---

[1] The trial court's judgment reflects a plea and finding of true as to a second enhancement paragraph. This does not correspond with the documents contained in the clerk's record, nor does the twenty-year sentence fall within the punishment range for a third-degree felony enhanced by two prior felony convictions. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(c) (West 2010); TEX. PENAL CODE. ANN. § 12.42(d) (West Supp. 2014). It appears the notations regarding a second enhancement paragraph are clerical errors in the judgment. Because we do not have jurisdiction over the appeal, we cannot correct the clerical errors.

26.3(a); *Olivo v. State*, 918 S.W.2d 519, (Tex. Crim. App. 1996). Appellant did not, however, file an extension motion in this Court. *See* TEX. R. APP. P. 26.3(b); *Olivo*, 918 S.W.2d at 523. Therefore, we sent the parties a letter questioning our jurisdiction over the appeal.

Appellant responded that there is confusion as to the date of the judgment. Appellant states that on page one, the judgment shows the "judgment date" as January 27, 2015, but page 2 has the date February 10, 2015 written in above the trial court's signature. Appellant states that it is not clear whether judgment was entered on January 27, 2015 or February 10, 2015, and the timeliness of the notice of appeal hinges on the "judgment date." We disagree.

This appeal follows appellant's conviction and sentencing for possession of methamphetamine. Therefore, the operative date is not the date the judgment was signed; it is the date sentence was imposed in open court. *See* TEX. R. APP. P. 26.2(a)(1); *Rodarte v. State*, 860 S.W.2d 108, 109–10 (Tex. Crim. App. 1993). The judgment reflects appellant was sentenced on January 27, 2015. This date is supported by the trial court's docket sheet, which is signed by the trial court judge, as well as appellant's judicial confession, the stipulation of evidence, the trial court's certification of appellant's right to appeal, and the notice of disposition, all contained in the clerk's record. Thus, January 27, 2015 is the operative date for determining whether appellant's notice of appeal was filed timely. *See* TEX. R. APP. P. 26.2(a)(1); *Rodarte*, 860 S.W.2d at 109–10.

"A timely notice of appeal is necessary to invoke appellate jurisdiction." *See Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012). Appellant did not file a motion for new trial; therefore, his notice of appeal was due by February 26, 2015. To obtain the benefit of the fifteen-day extension period provided by rule 26.3, appellant had to file both his notice of appeal in the trial court and an extension motion in this Court by March 13, 2015. *See* Tex. R. App. P. 26.3; *Olivo*, 918 S.W.2d at 523. Appellant's notice of appeal was filed within the fifteen-day

–2–

period, but appellant did not file an extension motion in this Court. Therefore, appellant has not invoked the jurisdiction of this Court, and we have no authority to take any action except to dismiss the appeal. *See Olivo*, 918 S.W.2d at 523.

We dismiss the appeal for want of jurisdiction.


    /Carolyn Wright/
    CAROLYN WRIGHT
Do Not Publish    CHIEF JUSTICE
TEX. R. APP. P. 47
150463F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GEOFFREY ROSS RIMES, Appellant

No. 05-15-00463-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F14-23132-P.

Opinion delivered by Chief Justice Wright, Justices Myers and Brown participating.

      Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered May 21, 2015.