

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,264-03

### EX PARTE ANTWAIN JAMAR TUTSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 066888-02-E-WR IN THE 108TH DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to thirteen years' imprisonment. He did not appeal his conviction.

Applicant contends that he was not notified until November 7, 2017 that the trial court entered a judgment *nunc pro tunc* on March 11, 2015. Applicant wants an out-of-time appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012). In these circumstances, additional facts are needed. As

we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If he is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant received timely notice of the March 11, 2015 judgment *nunc pro tunc* and whether he is entitled to an out-of-time appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  July 25, 2018
Do not publish