**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00007-CR**
_____

**IN RE JAMES STEVEN KERR**

---

**Original Proceeding**
**9th District Court of Montgomery County, Texas**
**Trial Cause No. 18-08-10492-CR**

---

**MEMORANDUM OPINION**

James Steven Kerr filed a petition for a writ of mandamus to compel the trial court to rule on Kerr's motion for a judgment *nunc pro tunc*. He argues an adequate time to rule has elapsed without action by the trial court. Relator has failed to show that the alleged error in the judgment was the result of clerical error rather than judicial reasoning. Additionally, he has failed to show that the motion has been before the trial court for an unreasonable length of time.

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and he seeks to compel a ministerial act

1

not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Ct. of Apps.*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To establish an abuse of discretion by the trial court in failing to rule on a motion, the relator must establish that the trial court: (1) had a legal duty to perform a ministerial act, (2) was asked to perform the act, and (3) failed or refused to do so within a reasonable time. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

The purpose of a judgment *nunc pro tunc* is to correct the record when there is a discrepancy between the judgment as pronounced and written judgment in the record. *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012). Because corrections to the record are limited to clerical errors and are not appropriate for errors of judicial reasoning, a judgment *nunc pro tunc* is improper if it alters the original judgment pronounced in court. *Id.* at 898.

The appendix to Kerr's mandamus petition includes a photocopy of a page from a judgment that states that Kerr pleaded guilty and on May 23, 2019, he was sentenced to eight years of confinement for "Aggravated Assault Family Violence – Threaten with Deadly Weapon" with an affirmative finding of the use of a deadly weapon, a firearm. The appendix includes a copy of a motion for judgment *nunc pro tunc* in which Kerr argued that the deadly weapon finding should be deleted because

2

prior to sentencing the complaining witness signed an affidavit of non-prosecution and he argues she recanted her previous statement regarding Kerr's use of a rifle. In his motion, Kerr did not claim that the written judgment fails to reflect what actually occurred at sentencing. On November 26, 2019, the district clerk acknowledged the filing of a motion by Kerr. According to Kerr, he requested that his motion for judgment *nunc pro tunc* be submitted on December 23, 2019.

Based on the record now before us, Relator has failed to show that he is entitled to a judgment *nunc pro tunc*. Relator has also failed to show that the trial court has refused to rule on Relator's motion for a judgment *nunc pro tunc* within a reasonable time. Such a showing is required to obtain mandamus relief. *See Young*, 236 S.W.3d at 210; *Chavez*, 62 S.W.3d at 228. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on January 21, 2020
Opinion Delivered January 22, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

3