**AFFIRMED as MODIFIED and Opinion Filed May 6, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00199-CR

**NICKY EUGENE NICKENS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-00006-M**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

After Nicky Eugene Nickens violated conditions of his deferred adjudication community supervision, the trial court adjudicated him guilty of family violence assault and sentenced him to fifteen years in prison. He brings three issues seeking to correct errors in the judgment. In two cross-issues, the State also requests that we correct errors in the judgment. For reasons set out below, we sustain the issues and cross-issues. We modify the trial court's judgment to correct the errors and affirm the judgment as modified.

1

In 2015, the grand jury indicted appellant for assault causing bodily injury to M.B. on July 29, 2014, further alleging that (1) M.B. was a member of his family and household and was a person with whom he had a dating relationship, (2) appellant impeded M.B.'s normal breathing and circulation by applying pressure to her throat and neck and by blocking her nose and mouth, and (3) appellant had previously been convicted of assault against a person with whom he had a dating relationship. *See* Act of May 21, 2009, 81st Leg., R.S., ch. 427, § 1, 2009 Tex. Gen. Laws 1022–23 (amended 2017 & 2019) (current version at TEX. PENAL CODE ANN. § 22.01(b–3). The offense is a second-degree felony. *Id.* The indictment also alleged two prior felony convictions as punishment enhancement.

The State subsequently struck the second felony enhancement paragraph and reached a plea agreement with appellant. Pursuant to that agreement, appellant pleaded guilty to the offense "exactly as alleged in the charging instrument" and true to the remaining enhancement paragraph in exchange for four years' deferred adjudication community supervision and a $1,000 fine. On March 2, 2015, the trial court accepted appellant's pleas, found the evidence substantiated guilt, and assessed punishment in accordance with the plea agreement.

Fifteen months later, the trial court modified appellant's community supervision. On September 28, 2017, the State filed a motion to proceed with an adjudication of guilt and amended the motion on October 29, 2018, alleging five

–2–

violations of condition (a) and violations of conditions (d), (h), (j), (k), (l), and (n) of the terms of his community supervision.

Later, during adjudication hearings, the trial court admonished appellant that since he previously pleaded guilty to the enhancement paragraph and the court found the paragraph to be true, his range of punishment would be between five and ninety-nine years or life. *See* TEX. PENAL CODE ANN. § 12.32 (first-degree felony punishment); 12.42(b) (provision for enhancing punishment of second-degree felony to first degree with prior felony conviction). Appellant pleaded true to the violations without an agreement as to punishment. After an evidentiary hearing, the trial court found appellant violated (a)-one, (a)-two, (a)-three, (a)-four, (h), (j), (k), (l), and (n), but that he did not violate (a)-five and (d). The court granted the motion to adjudicate, found appellant guilty of the charged offense of assault, and sentenced him to fifteen years in prison.

In three issues, appellant requests this Court to modify the judgment to reflect (1) the community supervision violations the trial court found not true, (2) there was no plea bargain on the amended motion to adjudicate guilt, and (3) the correct name of the offense. In two cross-issues, the State asks that we correct the judgment to reflect the correct offense of conviction and corresponding statute.

We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v.*

–3–

*State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012).

The judgment signed by the trial court states: "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt." The attached motion lists all of the allegations, but allegations (a)-five and (d) have a pen mark through them. The record establishes that the trial court found allegations (a)-five and (d) not true, and the State agrees it is unclear whether the pen mark is a memorialization of the trial court's not true findings. Given the judgment's ambiguity, we sustain the first issue and modify the judgment to specifically reflect the violations that the trial court found true.

The judgment also includes the following language: "Terms of Plea Bargain: 15 YEARS TDCJ." The record, however, establishes and the State agrees that appellant entered an open plea to the motion to adjudicate. We sustain the second issue and correct the judgment to reflect there was no plea bargain.

Finally, the judgment lists the offense for which appellant was convicted as "ASSAULT FAMILY VIOLENCE IMPEDE/BREATHE/CIRCUALTION [sic] ENHANCE" and identifies the statute for the offense as "22.01 Penal Code."

Appellant asks that we remove the term "ENHANCE" because it is unclear whether the term refers to the prior misdemeanor conviction used to classify the offense as a second-degree felony as opposed to the prior felony conviction used to enhance punishment to a first-degree felony. The State does not oppose the removal of the term "ENHANCED," but asks that we substitute the phrase "PREVIOUS CONVICTION" or "PREV CONV" as shown in the original indictment and appellant's signed judicial confession. Additionally, the State asks us to correct the statute from 22.01 of the penal code to the more specific 22.01(b–1).

The record shows that appellant was indicted for and pleaded guilty to the offense of assault family violence with allegations that he impeded the complainant's breathing or circulation and had been previously convicted on a family violence assault. *See* Act of May 21, 2009, 81st Leg., R.S., ch. 427, § 1, 2009 Tex. Gen. Laws 1022–23 (amended 2017 & 2019) (current version at TEX. PENAL CODE ANN. § 22.01(b–3). The trial court subsequently found him guilty of the offense as charged in the indictment. Accordingly, we sustain appellant's third issue and the State's cross issue to correct the name of the offense as suggested by the State. We also sustain the State's cross-issue to correct the statute for the offense to section 22.01(b–1) of the penal code (now found at section 22.01(b–3)).

We affirm the trial court's judgment as modified.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190199F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

NICKY EUGENE NICKENS,
Appellant

No. 05-19-00199-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F15-00006-M.
Opinion delivered by Justice
Reichek; Justices Schenck and
Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows

(1) To state:  "While on community supervision, Defendant violated
the terms and conditions of community supervision as set out in the
State's AMENDED Motion to Adjudicate Guilt as follows:  (a)-one,
(a)-two, (a)-three, (a)-four, (h), (j), (k), (l), and (n)";

(2) To state "None" under the heading "Terms of Plea Bargain";

(3) To state TEX. PENAL CODE ANN. § 22.01(b–1) (now found at § 22.01(b–3)
under the heading "Statute for Offense"; and

(4) To state Assault Family Violence Impede/Breathe/Circulation/ Previous
Conviction under the heading "Offense for which Defendant Convicted."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered May 6, 2020