# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00460-CR

---

**Rodolpho Cipriano Gomez, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY,
### NO. CR2003-159, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In 2005, a jury convicted appellant Rodolpho Cipriano Gomez of the offense of engaging in a criminal activity, *see* Tex. Penal Code § 71.02(a)(5), and the district court sentenced him to sixty years' imprisonment. This Court affirmed the judgment of conviction on appeal. *See Gomez v. State*, No. 03-05-00842-CR, 2008 WL 4603574, at *1 (Tex. App.—Austin Oct. 16, 2008, pet. ref'd) (mem. op., not designated for publication). Earlier this year, Cipriano Gomez filed a pro se motion for judgment nunc pro tunc in the trial court. *See Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012) (explaining purpose of nunc pro tunc judgment is to allow correction of clerical errors when there is discrepancy between judgment pronounced in court and judgment reflected in record). The trial court denied the motion. Cipriano Gomez has filed a notice of appeal from the trial court's order.

In response, the State has filed a motion to dismiss the appeal, arguing that we lack jurisdiction to review the trial court's order. We agree. "The standard for determining

jurisdiction is . . . whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (citing Tex. Const. art. V, § 6(a)). In criminal cases, an appeal is authorized only when a trial court "enters a judgment of guilt or other appealable order." Tex. R. App. Proc. 25.2(a)(2); Tex. Code Crim. Proc. art. 44.02. Cipriano Gomez filed a response to the motion to dismiss, relying on the Texas Court of Criminals Appeals' decision in *Blanton* to argue that a nunc pro tunc judgment is an appealable order. *See Blanton*, 369 S.W.3d at 903-04. However, Cipriano Gomez does not appeal from a nunc pro tunc judgment issued after the trial court granted a motion for judgment nunc pro tunc—he appeals from the trial court's order denying his motion for judgment nunc pro tunc. An order ***denying*** a judgment nunc pro tunc does not result in a new judgment and is not an appealable order. *See, e.g.*, *Abbott*, 271 S.W.3d at 697; *Everett v. State*, 82 S.W.3d 735 (Tex. App.—Waco 2002, pet. dism'd); *see also Aleman v. State*, No. 03-14-00576-CR, 2014 WL 5656540, at *1 (Tex. App.—Austin Oct. 29, 2014, no pet.) (mem. op., not designated for publication) (dismissing appeal in similar case).

Accordingly, we grant the State's motion and dismiss the appeal for want of jurisdiction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Kelly

Dismissed for Want of Jurisdiction

Filed: October 6, 2020

Do Not Publish

2