**Opinion filed April 8, 2021**



## In The

# Eleventh Court of Appeals

_____

## 11-19-00416-CR

_____

## SONNY D. SILVAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-37,468**

## M E M O R A N D U M   O P I N I O N

Appellant, Sonny D. Silvas, filed a pro se notice of appeal from a nunc pro tunc judgment in which the trial court deleted a special finding related to attorney's fees in the amount of $3,000 that appeared on the original judgment. We modify the nunc pro tunc judgment and affirm as modified.

In 2011, Appellant was convicted of aggravated assault with a deadly weapon. The jury assessed Appellant's punishment at imprisonment for thirty-five years and a $10,000 fine. The trial court sentenced Appellant accordingly and did not mention attorney's fees when doing so. The trial court subsequently approved the payment of $3,000 to Appellant's court-appointed trial attorney. At the end of the written judgment from 2011 was the following language: "Furthermore, the following special findings or orders apply: ATTORNEY'S FEES: $3,000.00." Appellant appealed his conviction, and this court affirmed the judgment of the trial court. *See Silvas v. State*, No. 11-11-00169-CR, 2013 WL 2641377 (Tex. App.—Eastland June 6, 2013, no pet.) (mem. op., not designated for publication). Appellant's attorney in that appeal filed a brief on the merits but did not raise an issue related to attorney's fees. *See id.*

In 2019, Appellant filed an application for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Appellant asserted in his application that appellate counsel in the appeal of Appellant's conviction was ineffective because he failed to assert that the trial court had erred in assessing $3,000 in attorney's fees. The Court of Criminal Appeals initially issued an order indicating that additional facts were needed on the matter and directing the trial court to make the necessary findings of fact and conclusions of law. *Ex parte Silvas*, No. WR-82,005-03, 2019 WL 6139428, at *1 (Tex. Crim. App. Nov. 20, 2019) (per curiam order) (not designated for publication). In response to the order issued by the Court of Criminal Appeals, the trial court entered the nunc pro tunc judgment that is at issue in this appeal, deleting the special finding of attorney's fees in the amount of $3,000. The Court of Criminal Appeals subsequently dismissed the application for writ of habeas corpus in Cause No. WR-82,005-03 as moot.

2

After the Court of Criminal Appeals dismissed as moot Appellant's application for writ of habeas corpus, Appellant informed this court and the trial court that he wished to continue to pursue the present appeal in this court and that he desired to have court-appointed counsel represent him. Accordingly, the trial court appointed counsel to represent Appellant in this appeal. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (declaring that a nunc pro tunc judgment is an appealable order from which a defendant has a right to appeal—limited to issues arising from the entry of the nunc pro tunc judgment).

Appellant's court-appointed counsel has since filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se motion to strike counsel's *Anders* brief, which this court denied, and a pro se brief on the merits, which is also his pro se response to counsel's *Anders* brief. Appellant asserts that that the entry of the nunc pro tunc judgment was ultimately unfavorable to him and that the nunc pro tunc judgment altered a judicial assessment of attorney's fees and did not merely correct a clerical error. In addressing an *Anders* brief and a pro se response, a court of appeals may

only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

This appeal is limited to issues arising from the entry of the nunc pro tunc judgment. *See Blanton*, 369 S.W.3d at 904. Although we find no reversible error in the nunc pro tunc judgment, we note that it contains alterations from the original judgment that are not supported by the record. In his pro se response, Appellant points out that the nunc pro tunc judgment changed his name from "SONNY D. SILVAS" to "SONNY DELAO SILVAS"; changed his State Identification Number from TX05834752 to TX-06211858; and changed the plea and the finding on a second enhancement paragraph from "N/A" to "TRUE." We note additionally that the nunc pro tunc judgment changed the Incident Number/TRN from 9090927417 to 9090965092.

An appellate court has the power to modify the trial court's judgment to make the judgment speak the truth when the appellate court has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because we have the necessary information to make the judgment speak the truth, we modify the nunc pro tunc judgment to show the name "SONNY D. SILVAS"; to show "STATE ID No.: TX05834752"; to show "N/A" with

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

respect to Appellant's plea to "2nd Enhancement Paragraph" and the trial court's "Finding on 2nd Enhancement Paragraph"; and to show "INCIDENT NO./TRN: 9090927417."

As modified, we affirm the trial court's nunc pro tunc judgment.

PER CURIAM

April 8, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.