# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00115-CR

---

**Julian Ortega, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-21-200066, THE HONORABLE CHANTAL ELDRIDGE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Julian Ortega, representing himself pro se, has filed a notice of "direct appeal," in which he appears to challenge an emergency protective order signed by a magistrate on January 3, 2021, following his arrest for assault-family violence.[1] *See* Tex. Code Crim. Proc. art. 17.292.

The standards for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)). In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex. rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. art. 44.02 ("A

---

[1] By its terms, the emergency protective order expired on February 5, 2021. On March 2, 2021, Ortega was charged by indictment for the offense of assault family-violence. *See* Tex. Penal Code § 22.01(b)(2)(A). That charge currently remains pending.

defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."); Tex. R. App. P. 26.2 (notice of appeal must be filed "within 30 days after day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order"). Although a defendant may appeal from a judgment of conviction for violation of an emergency protective order, *see e.g.*, *Smith v. State*, No. 02-19-00035-CR, 2020 Tex. App. LEXIS 1066, at *1 (Tex. App.—Fort Worth Feb. 6, 2020, pet. ref'd) (mem. op. not designated for publication), no statute authorizes an appeal from an emergency protective order.

Consequently, we lack jurisdiction to consider this appeal, and the appeal is dismissed. *See* Tex. R. App. P. 43.2(f).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Dismissed for Want of Jurisdiction

Filed:  May 7, 2021

Do Not Publish