

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00153-CR

———————————————

CHRISTIAN CASTILLO, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. F18-127-362

Before Bassel, Kerr, and Birdwell, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Christian Castillo pleaded guilty to the second-degree felony offense of theft without the benefit of a plea bargain, and the trial court held a hearing and sentenced him to 12 years' confinement. *See* Tex. Penal Code Ann. § 31.03(a), (e)(6)(A); *see also id.* § 12.33 (stating that second-degree felony punishment range is 2 to 20 years and up to a $10,000 fine). The trial court imposed the sentence on August 28, 2020, and also signed a judgment on that date. No postjudgment motions were filed.

On October 8, 2020, the trial court signed a judgment nunc pro tunc that added the incident number and supplied the date on which the sentence was to commence. On October 30, 2020, Castillo perfected an appeal solely from the judgment nunc pro tunc. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (stating that "[b]ecause *nunc pro tunc* judgments are appealable orders, the thirty-day filing period started the [day after the judgment nunc pro tunc was signed]" and concluding that appellant's "appeal applies only to issues arising from the entry of the third *nunc pro tunc* judgment; it is not an appeal of the conviction or the validity of the plea bargain").

Castillo's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in her professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967),

by presenting a professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Castillo of her motion to withdraw; (2) provided him a copy of both the motion and brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this court hold the appeal frivolous; and (5) took concrete measures to facilitate his review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Castillo the opportunity to file a response on his own behalf, but he did not do so. The State filed a letter stating that it would not be filing a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685

3

n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment nunc pro tunc. *See Tutson v. State*, No. 07-19-00006-CR, 2019 WL 2998808, at *3 (Tex. App.—Amarillo July 9, 2019, no pet.) (mem. op., not designated for publication).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 8, 2021