

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00195-CR

**ANDREW GERMARCUS WALKER,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2003-1214-C**

## MEMORANDUM OPINION

Andrew Germarcus Walker pleaded guilty to the offense of murder, and his sentence was imposed on February 4, 2005. In the underlying murder case, the trial court entered a certification of Walker's right of appeal, which indicated that: (1) this "is a plea-bargain case, and the defendant has NO right of appeal"; and (2) "the defendant has waived the right of appeal."

On August 9, 2021, Walker filed a motion to withdraw his guilty plea. A day later, and without any evidence of a ruling from the trial court on his motion to withdraw his guilty plea, Walker filed a notice of appeal stating that he wishes to appeal the trial court's denial of his motion to withdraw his guilty plea. The information sheet provided by the McLennan County District Clerk's Office states that Walker appeals from "NO ORDER."

The rules of appellate procedure provide that a criminal defendant has the right to appeal a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). However, there is no appealable order in this case. *See id.* at R. 25.2(a)(2), 26.2(a)(1), 27.1(b).[1]

Furthermore, the standard for determining whether an appellate court has jurisdiction to hear and determine a case "'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)). We find no statutory authority granting Walker the right to appeal a purported denial of a post-conviction motion to withdraw his guilty plea.

Accordingly, we dismiss this appeal for lack of jurisdiction. *See id.* at R. 43.2(f); *see also State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) ("We conclude that,

---

[1] Walker's notice of appeal cannot be construed as prematurely filed under Texas Rule of Appellate Procedure 27.1(b) because any ruling on his motion to withdraw his guilty plea would not be an appealable order. *See* TEX. R. APP. P. 27.1 (b).

because there is no written order from which to appeal, the court of appeals correctly held that it has no jurisdiction over the state's appeal . . . ."); *Blanton*, 369 S.W.3d at 902.

A motion for rehearing may be filed within fifteen days after the judgment of this Court is rendered.  *See* TEX. R. APP. P. 49.1.  If Walker desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within thirty days after either this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court. *See id.* at R. 68.2(a).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson,
      and Justice Rose[2]
Appeal dismissed
Opinion delivered and filed August 18, 2021
Do not publish
[CRPM]



---

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.