

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00776-CR

Enrique Xavier **RODRIGUEZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 23-0295-CR-B
Honorable Gary L. Steel, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
           Irene Rios, Justice
           Lori I. Valenzuela, Justice

Delivered and Filed: February 11, 2026

DISMISSED FOR LACK OF JURISDICTION

Appellant Enrique Xavier Rodriguez, Jr. filed a notice of appeal on November 24, 2025, purporting to appeal "from the mistrial without prejudice against [appellant]." Thereafter, the clerk's record was filed, but it does not contain a final judgment of conviction or an order on appellant's pretrial application for writ of habeas corpus alleging double jeopardy. The clerk's record also does not contain a certification of appellant's right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Appeals by defendants in criminal cases "are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). The "standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). We have jurisdiction to consider an appeal filed by a criminal defendant after a final judgment of conviction. *See Zamarripa v. State*, No. 04-16-00274-CR, 2016 WL 3085932, at *1 (Tex. App.—San Antonio June 1, 2016, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. art. 44.02). We also have jurisdiction to consider an appeal from the denial of a pretrial application for writ of habeas corpus alleging double jeopardy. *See Ex parte Contreras*, 717 S.W.3d 27, 29 (Tex. App.—San Antonio 2025, no pet.); *Mireles v. State*, No. 08-18-00139-CR, 2018 WL 4214702, at *1 (Tex. App.—El Paso Sept. 5, 2018, no pet.). Here, the clerk's record does not include either a judgment of conviction or an order denying appellant's pretrial application for writ of habeas corpus.

Moreover, Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). Here, such a certification has not been made part of the record.

On December 9, 2025, we alerted appellant to these jurisdictional matters and ordered him to show cause in writing by December 29, 2025, why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 25.2(d); *Blanton*, 369 S.W.3d at 902; *State ex rel. Lykos* 330 S.W.3d at 915.

PER CURIAM

DO NOT PUBLISH